## In re ANDERSON.

### (District Court, S. D. New York. June 28, 1899.)

BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—ALIMONY.

Alimony awarded to a divorced wife by the judgment of a court of competent jurisdiction, to be paid in fixed weekly installments, and overdue at the time the husband files his petition in voluntary bankruptcy, is not such a debt as will be released by his discharge; and therefore the wife will not be stayed, pending the bankruptcy proceedings, from pursuing appropriate remedies for its collection, except where a preference upon the assets of the bankrupt is sought.

In Bankruptcy.

In an action in the supreme court of the state of New York for absolute divorce, brought by Carrie P. Anderson against her husband, Andrew Anderson, Jr., a decree was entered on December 30, 1897, granting the prayer of the complainant, and ordering the defendant to pay her alimony, in weekly installments, at the rate of $28.24 per week. Defendant's application to the said court to reduce the amount of the alimony, on account of changes in his circumstances since the decree, was denied May 10, 1899, but with leave to renew the motion upon payment to the plaintiff of all arrears of alimony. On June 6, 1899, Anderson filed his voluntary petition in bankruptcy, and was duly adjudged bankrupt thereon, and an order was entered referring the case to a referee in bankruptcy. Two days later there was served on the bankrupt an order of the state court, issued at the instance of his divorced wife, requiring him to show cause why he should not be punished as for a contempt of that court in failing to pay the alimony then overdue. Thereupon the bankrupt applied to the court of bankruptcy for an order restraining and staying all further prosecution of the contempt proceedings in the state court, and the case is now before the court on this petition; the bankrupt's application being based on Bankr. Act 1898, § 11.

Foley, Wray & Taylor, for bankrupt.

BROWN, District Judge. In my judgment a liability to pay alimony would not be released by a discharge in bankruptcy (section 11), and no stay should, therefore, be granted on its enforcement, except where a preference is sought upon assets. In re Lachemeyer, 18 N. B. R. 270, Fed. Cas. No. 7,966.