In re VAN ORDEN.

(District Court, D. New Jersey. July 29, 1899.)

BANKRUPTCY—PROVABLE DEBTS—ALIMONY.
　　Under Bankruptcy Act 1898, § 63, providing that debts may be proved against a bankrupt's estate which are "a fixed liability, as evidenced by a judgment," a claim of the bankrupt's divorced wife for unpaid monthly installments of the alimony awarded her by the decree of the court granting the divorce is a provable debt, and she will be enjoined from prosecuting a suit against the bankrupt on such claim in a state court.

In Bankruptcy.

S. M. Hitchcock and Henry Young, for bankrupt.
Skinner & Ten Eyck, for creditor.

KIRKPATRICK, District Judge. On the 26th day of June, 1899, John M. Van Orden was adjudged a bankrupt by this court upon his own petition, and on that day an order was entered restraining Margaret J. Van Orden, his wife, from prosecuting a suit brought by her against the said bankrupt, and then pending in the court of chancery of New Jersey. The claim which Mrs. Van Orden seeks to enforce in said suit arises under the following circumstances: Prior to the year 1897, Mr. and Mrs. Van Orden were residents of

the state of New York, and Mrs. Van Orden filed her complaint in the supreme court of that state asking for a divorce a mensa et thoro from her husband, and for other relief. Such proceedings were had therein that on the 31st day of August, 1897, a judgment was rendered in favor of Mrs. Van Orden and against her husband, in and by which the husband was decreed to pay to the plaintiff the sum of $300 surgeon's charges, $650 for nursing and attendance, the sum of $263.87 taxed costs, and, commencing May 1, 1897, the sum of $150 per month during her natural life, for which several sums it was ordered that the plaintiff should have execution. Nothing was realized on this judgment. The defendant removed to the state of New Jersey, and afterwards, about July, 1898, suit was brought by Mrs. Van Orden for the recovery of said sums in the court of chancery of New Jersey. This suit, though founded on the judgment recovered in New York, was brought in a court of equity, because of the still existing marital relations of the parties. In the bill of complaint filed on her behalf, the complainant alleges "that there is now due your oratrix under said decree [referring to the New York judgment, a copy of which is annexed to her bill] the sum of twenty-two hundred and fifty dollars, being fifteen of the monthly payments at one hundred and fifty dollars per month directed to be paid to your oratrix, and also the sums of three hundred dollars and six hundred and fifty dollars mentioned in the decree, and the costs therein taxed, namely, two hundred and sixty-three dollars and eighty-seven cents; making in all the sum of three thousand three hundred and sixty-three dollars and eighty-seven cents, with interest from August 31, 1897." The prayer of the bill is that "John M. Van Orden be directed to pay, pursuant to said decree of the New York court, the said sum of $3,363.87, with interest." The matter now comes before the court upon a rule to show cause why the order staying such suit should not be set aside. It is insisted on behalf of Mrs. Van Orden that she should be permitted to prosecute her suit because her debt is not such a one as is provable in bankruptcy, nor would it be discharged by the decree of this court in proceedings had therein. Section 1 of the bankruptcy act of 1898 provides that "a 'discharge' shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy except such as are excepted by this act." The debts which are excepted and referred to in section 1 are to be found specifically set out in section 17 of the act. It is admitted, and, if it were not, it would be perceived at a glance, that the debt of Mrs. Van Orden is not included in any of the excepted classes. The only question before the court, then, is whether the debt for which Mrs. Van Orden has brought her suit against the bankrupt is one provable in bankruptcy. In order to ascertain what debts may be proved, reference must be had to the sixty-third section of the act, where, under the title of "Debts which May be Proved," the following provision is found:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him,

whether then payable or not, with any interest thereon which would have been recoverable at the date, or with a rebate of interest upon such as were not then payable and did not bear interest."

As used in this act, the word "debt" differs from the same word as used in the bankruptcy acts which have preceded it, in that it has not the limited or restricted meaning which has been given to it in text-books. The act itself defines the word, and carries it beyond "a sum of money due by certain and express agreement," and declares that for the purposes of the act it shall include any "fixed liability evidenced by judgment." In 8 Am. & Eng. Enc. Law (2d Ed.) p. 986, it is stated that "the words 'debt' and 'liability' are not synonymous * * * as applied to the pecuniary relations of the parties. Liability is a term of broader significance than debt. * * *. Liability is responsibility." In Joslin v. Spring Co., 36 N. J. Law, 145, liability is defined to be "a state of being bound or obliged in law or justice." "It signifies that condition of affairs which gives rise to an obligation to do a particular thing to be enforced by action." Haywood v. Shreve, 44 N. J. Law, 94. The support and maintenance of a wife by the husband is an ever-recurring liability from which he cannot, by any act of his, be freed. It is an obligation founded in law and justice, which may be enforced by action. Until the necessity for its enforcement arises, the extent of this liability is vague and uncertain; but when the aid of the court has been invoked, and it awards alimony, it thereby determines the amount of the husband's liability, and by its judgment or decree requires the amount so fixed to be paid the wife for her maintenance and support. "From that time the husband is, in effect, a debtor, owing his wife the amount adjudged and determined in the decree." Wetmore v. Wetmore, 149 N. Y. 521, 44 N. E. 170. That which before was a mere liability now becomes a debt. The judgment establishes the indebtedness, and makes fixed and certain that which was before uncertain, and becomes the evidence of the debt which it creates. Black v. McClelland, 12 N. B. R. 431, Fed. Cas. No. 1,462; Zimmer v. Schleehauf, 115 Mass. 52; Crouch v. Gridley, 6 Hill, 250; Nichols v. Dissler, 31 N. J. Law, 473. It follows from what has been said that the debt which Mrs. Van Orden seeks to recover from the bankrupt in her chancery suit is a liability of the bankrupt, the amount of which is fixed and determined and evidenced by the judgment of a court. As such it is a provable debt in bankruptcy, and she should be enjoined from its further prosecution. The rule to show cause will be discharged.