ARRINGTON v. ARRINGTON.

(Filed October 14, 1902.)

BANKRUPTCY—*Discharge—Judgment—Alimony.*

> A judgment for alimony is provable against the estate of a bankrupt, and hence the discharge of the bankrupt constitutes a discharge of the judgment.

ACTION by P. D. B. Arrington against W. H. Arrington, heard by Judge *O. H. Allen,* at February Term, 1902, of the Superior Court of WAKE County. From a judgment for the plaintiff, the defendant appealed.

*Marion Butler* and *J. W. Hinsdale, Jr.,* for the plaintiff.
*F. S. Spruill* and *Shepherd & Shepherd,* for the defendant.

FURCHES, C. J. This is an action brought in the Superior Court of Wake County, to enforce the collection of alimony due the plaintiff under a decree of a court of competent jurisdiction in the State of Illinois. The plaintiff's right to re-

cover in this action is contested by the defendant upon the grounds that it appeared that the plaintiff obtained a decree for divorce *a vinculo matrimonii,* and alimony is not allowed by the laws of North Carolina, where this is the case; also, upon the grounds that the decree for alimony in the State of Illinois was not a *final* judgment, and for that reason could not be the basis of an action in this State. Defendant also pleaded the statute of limitations, and the Judge of the Superior Court, being of the opinion that plaintiff's right of action was barred by the statute of limitations, the plaintiff submitted to a judgment of nonsuit and appealed to this Court. Upon the hearing in this Court it was held that plaintiff's right of action was not barred by the statute of limitations, and that the judgment sued on was a *final* judgment, and although alimony is not allowed in this State upon a decree of absolute divorce, that as it was admitted, that it was so allowed by the laws of Illinois, and as the Constitution of the United States, Article IV, Sec. 1, required the Courts of this State to give to the judgments of Illinois the same validity, force and effect they had in that State, this Court held that plaintiff was entitled to recover upon a proper authentication of said judgment. 127 N. C., 190; 80 Am. St. Rep., 791.

We then held that the Illinois judgment sued on was a *final* judgment, and we so hold now. And as the Bankrupt Act provides for the proof of judgments against the bankrupt's estate, we hold that this *Illinois judgment* was a provable claim, and a discharge in bankruptcy is a discharge against the same.

Error.

CLARK, J., concurring. When this cause was here before (127 N. C., 190; 80 Am. St. Rep., 791), two members of the Court dissented, giving as one ground of dissent that the *causa litis* being a judgment for future alimony, was inter-

locutory and an action could not be maintained thereon, citing *Lynde v. Lynde,* 162 N. Y., 418; 48 L. R. A., 679; 76 Am. St. Rep., 322, which has been since sustained on writ of error, 181 U. S., 183. But the majority of this Court sustained plaintiff's contention that it was a final judgment, and, therefore, an action could be maintained upon it. Now that the defendant has obtained his discharge in bankruptcy, the plaintiff is again before the Court contending that the Lllinois judgment for alimony was not a final judgment, and hence the discharge in bankruptcy does not release defendant's liability. In view of the subsequent decision of the Federal Supreme Court above cited, it may be said here that if this matter were before us on a rehearing we would reverse our former decision, but that decision is the law of this case, for a rehearing is not admissible under the form of another appeal. *Perry v. Railroad,* 129 N. C., 333, and cases there cited.

But the plaintiff is in nowise hurt. Could we, on this second appeal, reverse our former decision and hold the Illinois judgment interlocutory, this action must be dismissed. Adhering, as we must, to that decision as the law of this case, the Illinois judgment is a final judgment, and the defendant is protected by the discharge in bankruptcy. So *quacunque via* this long litigation is at an end.

COOK, J., concurs in the concurring opinion of CLARK, J.

DOUGLAS, J., concurring. I am constrained to concur in the opinion of the Court, as a matter of law as well as justice, under the peculiar circumstances of this case. And yet I am not inadvertent to the cases of *Lynde v. Lynde,* 181 U. S., 183, and *Audubon v. Shufeldt, Ibid.,* 575. In the former it was held (after the rendition of our former opinion in this case), on appeal from the Court of Appeals of New York, that the Courts of that State were bound by a decree for ali-

mony rendered in the State of New Jersey only to the extent of the alimony therein declared to be due and payable at the rendition of the decree.    The Court says, on page 187 : "The decree (in New Jersey) for the payment of $8,840 was for a fixed sum already due, and the judgment of the Court below was properly restricted to that.    The provision of the payment for alimony in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum. The provisions for bond sequestration, receiver and injunction, being in the nature of execution, and not of judgment, could have no extra territorial operation; but the action of the Courts of New York in these respects depended upon the local statutes and practice of the State, and involved no Federal question."    I have quoted this paragraph because it clearly and forcibly expresses my reasons for dissenting from the former opinion of this Court in the case at bar.    However, this Court decided that the Illinois judgment for future alimony was a final judgment, which could neither be reviewed nor modified in the Courts of this State.    That decision became the law of this case, and is now binding to that extent upon this Court.    *Setzer v. Setzer,* 129 N. C., 296; *Illinois v. Railroad,* 184 U. S., 77.

In *Audubon v. Shufeldt,* 181 U. S., 375, the Court held that "alimony, whether in arrear at the time of an adjudication in bankruptcy, or accruing afterwards, is not provable in bankruptcy, or barred by the discharge."

As this is a Federal question, I would feel bound by this decision if it directly applied to the peculiar facts of the case at bar.    The decision is evidently based upon the dominating idea that a decree for alimony is not a *final* judgment or decree.    The Court says, on page 577 : "Generally speaking, alimony may be altered by the Court at any time, as the circumstances of the parties may require.    The decree of a

court of one State, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another State, and may, therefore, be there enforced by suit.   But its obligation in that respect does not affect its nature.   In other respects, alimony can not ordinarily be enforced by action at law, but only by application to the Court whch granted it, and subject to the discretion of that Court.   *   *   *   And, as the Court of Appeals of the District of Columbia has more than once said, 'the allowance of alimony is not in the nature of an absolute debt. It is not unconditional and unchangeable. It may be changed in amount, even when in arrears, upon good cause shown to the Court having jurisdiction.' "   Herein lies the difference. If our former decision was correct, and it can not now be questioned by either party to the action, the plaintiff sued upon a final judgment upon a fixed sum then due in the enforcement of which this State had no discretion whatever. Such a judgment comes clearly within the terms of the Bankrupt Act of 1898, which includes in Section 63, among the debts which may be proved in bankruptcy, *"a fixed liability,* as evidenced by a judgment or an instrument in writing, absolutely owing."   If the plaintiff's Illinois judgment had not been held to be a "fixed liability" it would have been subject to review in this State, where, on grounds of public policy, no alimony is allowed upon a divorce *a vinculo*.   In concurring in the opinion of the Court, I feel that the spirit and intent of the law have been followed, albeit by a somewhat circuitous route not entirely of my own choosing.