This is an action brought in the Superior Court of Wake County to enforce the collection of alimony due the plaintiff under a decree of a court of competent jurisdiction in the State of Illinois. The plaintiff's right to recover in this action is contested by the defendant upon the (144) *Page 108 
grounds that it appeared that the plaintiff obtained a decree for a divorcea vinculo, matrimonii, and alimony is not allowed by the laws of North Carolina where this is the case; also upon the grounds that the decree for alimony in the State of Illinois was not a final judgment, and for that reason could not be the basis of an action in this State. Defendant also pleaded the statute of limitations, and the judge of the Superior Court, being of the opinion that plaintiff's right of action was barred by the statute of limitations, the plaintiff submitted to a judgment of nonsuit and appealed to this Court. Upon the hearing in this Court it was held that plaintiff's right of action was not barred by the statute of limitations, and that the judgment sued on was a final judgment, and although alimony is not allowed in this State upon a decree of absolute divorce, that as it was admitted that it was so allowed by the laws of Illinois, and as the Constitution of the United States, Art. IV, sec. 1, required the courts of this State to give to the judgments of Illinois the same validity, force and effect they had in that State, this Court held that plaintiff was entitled to recover upon a proper authentication of said judgment.127 N.C. 190; 80 Am. St., 791.
We then held that the Illinois judgment sued on was a final judgment, and we so hold now. And as the Bankrupt Act provides for the proof of judgments against the bankrupt's estate, we hold that this Illinoisjudgment was a provable claim, and a discharge in bankruptcy is a discharge against the same.
Error.