### ARRINGTON v. ARRINGTON.

(District Court, E. D. North Carolina.  September 12, 1904.)

**1. BANKRUPTCY—SETTING ASIDE DISCHARGE—GROUNDS.**

The divorced wife of a bankrupt is not entitled to have his discharge set aside on account of a claim for alimony which was not proved in the bankruptcy proceedings, of which she had notice. If a provable claim, she is chargeable with laches for not proving it, and, if not, it is not affected by the discharge.

In Bankruptcy.  On petition to set aside discharge.

M. A. Bledsoe, for plaintiff.

F. S. Spruill and T. B. Womack, for defendant.

PURNELL, District Judge.  On the 5th day of December, 1901, a discharge in bankruptcy was granted to W. H. Arrington, who had theretofore been adjudged a bankrupt.  Within a year P. D. B. Arrington filed a petition to set aside the discharge because of alleged fraud in the proceedings.  This petition was ordered to be amended for scandal and improper allegations therein, and afterwards an amended petition was filed in conformity with this order.  The petitioner answered, and to this answer a replication was filed, when the matter was referred to a special master, whose report is now before the court.

It is unnecessary to notice the several matters set up in the pleadings, as at the very threshold of the case a question is presented which disposes of the cause.  In Schedule A, that of creditors whose claims are unsecured, appears the following: "P. D. B. Arrington * * * $7,836.00," and setting out the nature of the claim in the schedule at length; the exact status of which claim, as appears now and will hereinafter appear, the bankrupt did not and could not know.  It appears from a notice sent by Mrs. Arrington April 27, 1901, and the registered envelope, that she had notice of the meeting of creditors held at Tarboro on the 30th day of April, 1901.  This petitioner persistently denies.  Before the special master the question was raised that petitioner did not have a provable claim, and, if provable, it had not been proved as required by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].  By referring to 127 N. C. 190, 37 S. E. 212, 52 L. R. A. 201, 80 Am. St. Rep. 791, it will be found that the Supreme Court of North Carolina (Chief Justice Faircloth delivering the opinion of the court, Clark and Douglas, JJ., dissenting) held in an action on judgment for alimony payable annually, the annual sums are not barred within 10 years from the time they become due, and remanding the cause to the superior court of Wake county to be further proceeded with.  This cause was pending at the time the petition in bankruptcy was filed.  Plaintiff was seeking to obtain a judgment against the bankrupt, which it appears she succeeded in doing at the February term, 1902, in the superior court of Wake county.  From this judgment defendant appealed, and by opinion filed October 14, 1902, reported in 42 S. E. 554, the Supreme Court held (Furches, C. J., delivering the opinion of the court) that a

judgment for alimony is provable against the estate of the bankrupt, and hence a discharge of the bankrupt constitutes a discharge of the judgment. There is no evidence before this court, other than the reports of the Supreme Court, as to exactly when this judgment was obtained; but there is evidence in the record showing that Mrs. Arrington had notice of the bankruptcy proceedings and failed to prove her claim. If it were a claim for alimony, under the law as at that time, it was not a provable claim, and she had no interest in the proceedings in bankruptcy. Turner v. Turner (D. C.) 108 Fed. 785; In re Shepard (D. C.) 97 Fed. 187; In re Anderson (D. C.) 97 Fed. 321; Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1033. If it were a judgment, it should have been proved as any other claim. Taking either horn of the dilemma, as suggested to counsel in the argument, she has no standing in this court on account of her laches in failing to prove her claim as required by the act establishing a uniform system of bankruptcy. If it were not a judgment, but a claim for alimony, she could not prove her claim. In either event the petition to set aside the discharge in bankruptcy must be dismissed, and the litigation in this court ends.

It is so ordered.