## In re WILLIAMS' ESTATE.

(Surrogate's Court, Monroe County.   July 14, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—HEARING.

Code Civ. Proc. § 2743, provides that where the validity of a debt, claim, or distributive share is admitted, or has been established in a court of competent jurisdiction, the surrogate's decree must determine to whom it is payable, the sum to be paid, and all other questions concerning the same.   *Held*, that the Surrogate's Court has jurisdiction, on the settlement of an executor's accounts, to determine whether a valid judgment recovered against testator has been discharged in bankruptcy, though it has no authority to pass on the validity of the judgment, etc.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2178; Dec. Dig. § 507.*]

2. JUDGMENT (§ 946*)—ACTION ON FOREIGN JUDGMENT—NATURE OF JUDGMENT RECOVERED.

Where suit was brought in New York on a South Dakota divorce decree granting alimony as an incident, and judgment was recovered in New York for the amount of alimony due, such judgment was for money only, and did not partake of the attributes of, nor was it enforceable as, a judgment for alimony rendered by a New York court.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 946.*]

3. BANKRUPTCY (§ 315*)—DISCHARGEABLE DEBTS — JUDGMENT — "PROVABLE DEBT."

Where claimant procured a divorce and a decree for alimony in South Dakota, and subsequently sued thereon in New York and obtained judgment for the alimony due, after which the debtor scheduled the New York judgment as an indebtedness in bankruptcy proceedings, such judgment was a "provable debt," under Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562, 563 (U. S. Comp. St. 1901, p. 3447), defining claims dischargeable to include a fixed liability evidenced by a judgment absolutely owing at the time of the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 315.*

For other definitions, see Words and Phrases, vol. 6, pp. 5746, 5747.]

4. EXECUTORS AND ADMINISTRATORS (§ 479*)—CREDITS—STOCK.

Executors properly credited themselves with certain shares of stock delivered to persons judicially declared to be the owners.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2064; Dec. Dig. § 479.*]

5. EXECUTORS AND ADMINISTRATORS (§ 244*)—CLAIMS.

An objector, whose claim against a decedent's estate has been judicially denied, has no standing to object to the allowance of other claims.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 866; Dec. Dig. § 244.*]

6. BILLS AND NOTES (§ 530*)—DEMAND NOTE—INTEREST.

A demand note does not draw interest until demand for payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1941; Dec. Dig. § 530.*]

Judicial settlement of the estate of William Williams, deceased.   On application for the allowance of claims.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McGuire & Wood, for executors.

James M. E. O'Grady, for contestant Eliza T. Williams.

Henry D. Shedd, special guardian, for the infant.

BROWN, S. This is a proceeding for the settlement of the accounts of the executors herein. There are three subjects of controversy to be passed upon at this time. The first is the status of a certain judgment in favor of Eliza T. Williams and against the decedent; second, the objection to the allowance of certain judgments rendered against the executors for the delivery of certain shares of stock; third, the claim of Alice D. Williams, one of the executors, on an alleged note against the decedent. There is also a claim of Williams, Hoyt & Co. against the decedent.

We will first take up the claim of Eliza T. Williams. This is a claim upon a judgment rendered in the Supreme Court of the state of New York against the deceased, in his lifetime, on the 17th day of February, 1904. The basis of the judgment was a judgment recovered in the state of South Dakota on August 31, 1892, in an action for divorce between said parties, which awarded alimony, costs, and counsel fees to the claimant herein to the amount of $32,704.98, with interest. On September 1, 1899, the testator, William Williams, filed his petition in bankruptcy in the United States District Court for the Northern District of New York, and was adjudicated a bankrupt by that court on that day. On March 15, 1900, he was discharged in said bankruptcy proceedings from all his provable debts, except such debts as are excepted by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) from the operation of a discharge. The bankrupt in said petition duly listed the judgment of this claimant and set forth that she was a creditor by reason of said judgment recovered in the Supreme Court of the state of New York February 17, 1894. Subsequently the said William Williams died, on September 14, 1904, leaving a last will, which was duly admitted to probate November 4, 1904, and letters testamentary were issued to Alice D. Williams and William R. Peters, his executors. Thereafter the said claimant presented to the executors a verified claim, setting forth the judgment and order of the South Dakota court, together with the amount due thereon. No mention whatever was made in this claim of the judgment rendered in this state. On May 25, 1905, said executors, by notice in writing, rejected said claim. On January 24, 1907, said claimant commenced an action in the Supreme Court of the state of New York against said executors for the recovery of the amount of the alimony, costs, and counsel fees awarded by the circuit court of South Dakota, and the defendants in said action, by their attorneys, pleaded the New York judgment as a bar, and thereafter, on July 13, 1907, the court handed down its decision dismissing claimant's complaint, with costs. Thereafter said claimant presented to said executors a claim founded upon the New York judgment, which was disallowed by them, and this is the claim which claimant now seeks to have allowed in this proceeding. The executors claim that this judgment was simply a money judgment, and was discharged by the bankruptcy proceeding,

and should not, therefore, be allowed and paid out of the proceeds of the estate. The claimant claims this court has no jurisdiction to determine the matter; that the only authority of the Surrogate's Court is to direct the payment of the judgment—the judgment being conclusive, and a preferred claim. It remains for us, then, to determine: Has this court jurisdiction to consider this matter, other than to direct the payment of the judgment? If so, whether or not the judgment is discharged by the bankruptcy proceeding. ·

While the Surrogate's Court has no authority to pass upon the validity of a judgment of a court of record of this state, it has power to pass upon the question as to whether or not the judgment has been paid since its rendition, and as to who is the proper owner of said judgment at the time of the settlement of the estate against which said judgment is asserted to be a claim. In other words, the surrogate has the right to pass on the rights of the parties at this time, in order to determine to whom anything is payable on said judgment, and whether anything is payable thereon. Section 2743 of the Code of Civil Procedure reads as follows:

" * * * Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting or other proceeding in the Surrogate's Court or other court of competent jurisdiction the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same."

In McNulty v. Hurd, 72 N. Y. 518, 521, Chief Justice Church in his opinion says:

"We are of the opinion that the surrogate may inquire into and pass upon payments made to apply upon such judgments and determine the amount due thereon. He may also determine who is the owner of the judgment and entitled to the money."

And to the same effect is Heaton on Surrogate's Practice, vol. 1, p. 548, which says:

"The judgment or decree stands as a judicial settlement of the rights of the parties at its date. Transactions may be had between the parties subsequent to the entry of the judgment or decree by reason of which the rights of the parties have been changed. The surrogate may inquire into and pass upon payments made to apply upon such judgments and determine the amount remaining. He may also determine who is the owner of the judgment and entitled to the money."

It seems to be reasonable that if the Surrogate's Court, for the purposes of settling an estate, can pass upon payments made on a judgment after the judgment has been taken, so as to determine what, if anything, still remains due on that judgment, the court likewise has full authority to determine whether or not said judgment has been discharged by the operation of the bankruptcy laws of the United States. The court in so doing is not passing on the validity of the judgment, but is simply determining whether or not by the laws of the United States relative to bankruptcy the judgment in question has been discharged by a decree of the bankruptcy court. We accordingly overrule the objection of the claimant as to the authority of the Surrogate's Court to pass upon this question, and hold that the Surrogate's Court has power and authority, upon the settlement of the accounts of the executors, to determine whether or not a valid judg-

ment that is proven against a deceased person has been discharged by the decree in bankruptcy discharging said debtor, the intestate, from his provable debts.

What is the standing of the judgment presented before us? It is not an action for alimony. The divorce was obtained in South Dakota, upon which was based the right to an action in alimony. That right to alimony was not, ab initio, suable in the state of New York. It was simply incidental to the divorce action in South Dakota, and when reduced to a judgment in the state of South Dakota it became a judgment which, as such, could be the basis of a judgment in the state of New York, not for alimony, but for the money due on said judgment, as adjudicated by the court of South Dakota. In the case of Lynde v. Lynde, first reported in 41 App. Div. 280, 58 N. Y. Supp. 567, Judge Willard Bartlett, writing the opinion, held:

"In an action in the Supreme Court of the state of New York upon a judgment for alimony rendered by a court of another state, the plaintiff will be granted a mere money judgment for the amount of the past due alimony, enforceable only by execution, and she will not be permitted to invoke the equitable remedies of sequestration, etc., provided by the foreign judgment for the enforcement of its provisions, or the remedies provided by the New York Code of Civil Procedure for the enforcement of a judgment for alimony rendered by a New York court."

This case, after going to the Court of Appeals of this state, was taken to the Supreme Court of the United States, and is reported in 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810. Judge Gray, in writing the opinion, said:

"By the Constitution and act of Congress requiring the faith and credit to be given to a judgment of the court of another state that it has in the state where it was rendered it was long ago declared by this court: 'The judgment is made a debt of record, not examinable upon its merits, but it does not carry with it into another state the efficiency of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there, and can only be executed in the latter state as its laws may permit.'"

From these authorities it would appear that when the claimant saw fit to transfer her claim, which was in judgment in the state of South Dakota, to a suit at law in the state of New York, and recover judgment thereupon, the judgment obtained was simply a mere money judgment, and said judgment was enforceable, not as a judgment in alimony, as the original judgment in South Dakota could be enforced, but simply as a money judgment, similar to a judgment ex contractu. All that the courts of this state could recognize in passing upon said judgment was that a final judgment had been taken in the state of South Dakota for a certain amount and interest, which amount and interest could be reduced to judgment in the state of New York, and such judgment had no greater rights than the rights of any other judgment taken for a sum of money only.

Having determined that this is simply a mere money judgment as far as the laws of the state of New York are concerned, it now remains to be determined whether or not it is dischargeable, by reason of the fact that the deceased in his lifetime, subsequent to the rendi-

tion of said judgment in the state of New York, was adjudged a bankrupt and discharged from his provable debts. Section 63 of the bankruptcy law, referring to what is dischargeable, states:

"First—A fixed liability, as evidenced by a judgment, or an instrument in writing, absolutely owing at the time of the filing of the petition, whether then payable or not."

Collier on Bankruptcy (4th Ed.) 446, says:

"All judgments actually entered at the date of bankruptcy are provable debts."

This judgment in the state of New York is for a fixed liability, and was docketed and entered in the clerk's office of the county of Monroe prior to the commencement of the proceeding in bankruptcy on behalf of the testator, and was a fixed liability at the time of the granting of the order discharging him from his provable debts. Referring again to Lynde v. Lynde, as reported in the Court of Appeals (162 N. Y. 417, 56 N. E. 983 [48 L. R. A. 679, 76 Am. St. Rep. 332]), Judge Gray says:

"With respect to how far the Supreme Court of this state will enforce the final decree of the New Jersey court, I think the determination of the Appellate Division to be quite correct. The action was to recover upon a final decree of the court of another state, which, being rendered with jurisdiction over the person of the defendant, is to be deemed conclusive in so far as it adjudged the defendant to be indebted to the plaintiff at the date of its rendition."

Accordingly the judgment entered in the state of New York was a judgment of indebtedness, and as a judgment of indebtedness, with fixed liability, it became a provable debt under section 63 of the bankruptcy law, and is no longer to be considered as a liability for alimony, but simply a mere money judgment, and provable and dischargeable in bankruptcy.

This conclusion is in harmony with the case of Arrington v. Arrington, 131 N. C. 143, 42 S. E. 554, 92 Am. St. Rep. 769, decided by the Supreme Court of North Carolina October 14, 1902, which held that a final judgment for alimony, entered in another state upon a decree for absolute divorce, is a provable and dischargeable debt. This case is reported in 10 Am. Bankr. Rep., at page 103. Comparing the facts in that case with the facts in the case before us, we regard the decision as decisive of the claim before us, and that the judgment of Eliza T. Williams against the decedent, as evidenced by the judgment entered in the state of New York, was a provable debt in bankruptcy, and was discharged by the discharge granted to the said William Williams in his lifetime.

As to the objections to the account of the executors, crediting themselves with turning over certain shares of stock to Alfred C. Williams and Thomas Williams, respectively, the court is of the opinion that the court is bound by the judgments of the Supreme Court that said stock belonged to the said Alfred C. Williams and Thomas Williams, respectively, as adjudicated by the judgments of the Supreme Court determining the respective ownership of such stock. Furthermore,

in case the decision of this court relative to the position of the claimant in the matter of her judgment against the deceased is correct, she has no standing in this proceeding to file objections to said matter.

As to the other objections of the claimant, they are overruled and dismissed, on the ground that, in accordance with the decision on the matter of her claim under the aforesaid judgment, she has no standing in this proceeding to file such objections.

I find that the accounts of the executors should be allowed as filed, and that they should be credited for the certificates of stock that they have turned over to Alfred C. Williams and Thomas Williams, respectively, pursuant to the judgments of the Supreme Court. I find, also, that the claim of Williams, Hoyt & Co. for $166 should be allowed as a valid claim against the estate of the deceased, being for one-half of the net expenses of the keep and care of the horse Lena, advanced by said firm of Williams, Hoyt & Co.; that the further claim of the firm of Williams, Hoyt & Co. should also be allowed at the sum of $574.58, being the amount of debit against the deceased at the time of his death, after crediting him with one-half month's salary, to September 15, 1904, being the balance of a running account carried on by said firm with the said deceased. The said firm should also be allowed the sums of $3.50 and 30 cents, expended by said firm on account of incidentals connected with the death and funeral of said deceased. I further find that Alice D. Williams, the widow of the testator, and one of the executors of said will, is entitled to recover from the estate of said deceased the sum of $195.75, by virtue of a demand note, owned by her at the time of his death, and signed by him in his lifetime. Said note being upon demand, and no proof of demand having been made for payment in the lifetime of the deceased, it does not draw interest.

As conclusions of law I find as follows: That the claim of the claimant Eliza T. Williams should be disallowed, and her objections filed to the account of the executors should be overruled and dismissed; that the accounts of the executors should be confirmed and approved as filed; that the claim of Alice D. Williams should be allowed at $195.75.

Let findings be prepared in accordance with the terms of this decision, and decree entered thereupon upon five days' notice, without costs to either party as against the other. Costs are hereby allowed to the executor as of a contest herein, payable out of the estate, and allowance is hereby granted to the special guardian appearing for the infant herein, to be paid out of the estate. Said costs and allowance to be taxed and fixed upon application for settlement of findings and decree.