**HEIMBERGER v. JOSEPH.**
No. 5892.

Circuit Court of Appeals, Sixth Circuit.
Dec. 30, 1931.

C. G. Lane, of Columbus, Ohio (Frank M. Raymund and Hugh Huntington, both of Columbus, Ohio, on the brief), for appellant.

B. G. Watson, of Columbus, Ohio (J. G. De Fosset, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

DENISON, Circuit Judge.

Appeal in bankruptcy from disallowance of claims.

October 5, 1920, the Heimbergers, husband and wife, pending a divorce case, made a property and alimony settlement contract. It was approved and embodied in the divorce decree of November 11, 1920. By its terms (among other things) he was to pay her $400 per month for her life, and, in February, 1923, was to convey to her certain real estate, or, at his option, pay her $15,000. After the husband's bankruptcy, the wife filed three proofs of unsecured claims. They were: A note from him to her for $5,000, dated, February, 1923, which represents part of the option payment permitted by the contract; (2) three notes from him to her, dated May 6, 1929, for a total of $1,500, given for alimony then long in arrears; and (3) accumulated arrears of alimony up to April, 1930, $6,750 (apparently not included in the three notes of May 6, 1929). These claims were all rejected on the ground that claims for alimony were not provable.

■ By the contract, she acquired an equitable interest in the land to be conveyed to her. The $5,000 note was on account of the purchase price of this interest previously optioned by her to him. It was practically in part payment for her dower rights in his other real estate which she released. It represented a contract debt, from him to her, upon full consideration. It could not longer rightly be characterized as alimony in any sense. Even without aid from the rule as to alimony which we are applying as to the other notes, this one should have been allowed.

The other two notes, though they evidenced fixed and certain debts free from the contingencies attending mere alimony, yet had their origin in the duty to pay alimony installments, and so fairly raise the question of the bankruptcy status of alimony indebtedness. Upon the adoption of the Bankruptcy Act of 1898 (11 USCA), a difference of opinion arose in the District Courts as to

whether claims for alimony were provable and/or dischargeable. For discharge, In re Houston (D. C.) 94 F. 119; In re Van Orden (D. C.) 96 F. 86; In re Challoner (D. C.) 98 F. 82; against, In re Shepard (D. C.) 97 F. 187; In re Anderson (D. C.) 97 F. 321; In re Nowell (D. C.) 99 F. 931. In Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009, it appeared that the trial court, in granting a bankruptcy discharge, had undertaken to decide that the discharge would release an alimony claim. The power of the bankruptcy court to decide this question was, to say the least, not very clear; but the Supreme Court went to the merits, and held the claim nondischargeable. The rationale of the opinion clearly is that, since only provable debts were to be discharged, provability was the criterion; and since a decree for alimony was continually under the control of the granting court, to be modified as seemed best, it was not a debt of that fixed character contemplated in the provability section. Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084, is to the same effect, though the Dunbar Case would seem to contemplate proving for past-due installments. (See In re Adams (C. C. A. 2) 25 F.(2d) 640). Plainly this reasoning, by itself, would not reach a case where the granting court had lost control and the amount due was for any reason fixed absolutely, or where, as here, the claims had been merged in notes given by the husband; but in the Dunbar Case, the effect of such a merger was disregarded, and in Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265, the rule of nondischargeability was extended to an alimony decree that was beyond revision and was fixed and certain. This result was reached upon the theory that the obligation of a husband to support wife and children was such that Congress could not have intended to allow it to be escaped through bankruptcy—a theory already declared in the Dunbar Case.

■ In 1903, the discharge section (17 of Bankruptcy Act, 35 of title 11, USCA) was amended touching this point. It originally provided (30 Stat. 550) that the discharge should release from all provable debts, except four classes: First, taxes; second, specified judgment claims for torts; third, those not scheduled in due time; and, fourth, defalcations by trustees. No one has ever doubted that claims of each of those four classes were provable (generally); plainly they were to be proved and to receive divi-

dends, and the remainder unpaid was to continue unaffected by the discharge. By the Act of February 5, 1903, the second class was amended by adding "liabilities for * * * alimony due or to become due, or for maintenance or support of wife or child," etc. Here we have these alimony claims expressly put in the category of provable claims. Unless they were provable, the word "except" becomes meaningless. This seems demonstrably plain (see Friend v. Talcott, 228 U. S. 27, at page 40, 33 S. Ct. 505, 57 L. Ed. 7, 8); but even if it were conceded that alimony of the Audubon-Shufeldt character is too uncertain in amount to be brought under the provability section by the effect of this language, yet in the present case we have alimony of the Wetmore-Markoe class. The decree being in affirmation of a contract, the court had no reserved power to change it. Law v. Law, 64 Ohio St. 369, 60 N. E. 560.

We find no authoritative holding that, since the amendment of 1903, alimony claims continue to be nonprovable. Both the Dunbar and Wetmore Cases refer to this amendment, but from another point of view. Both involved cases arising before the amendment; neither has any bearing on provability since the change. Indeed, the public policy declared in these two cases inevitably requires that, for alimony accrued and certain, the wife and children should share in the estate, even if they may have no preference. With confidence equal to that of the Supreme Court in the Wetmore Case, we may say that Congress never intended a bankruptcy petition to be a means by which a man could exclude the past-due and adjudicated claims of wife and children for maintenance and support from getting any dividend payment out of his estate. That unfortunate result was to some extent necessary in avoiding the (supposed) greater evil of complete release (Audubon v. Shufeldt); that necessity ended with the statutory declaration of 1903.

We do not overlook the considerable number of cases, since 1903, which more or less assume that such claims are not provable. The effect of the amendment is not discussed, nor apparently observed. There seems to be no direct holding that a claim of the positive character here involved is not provable.

The contract purports to give the wife a lien, but the record does not present that question.

The order must be reversed, and the referee be directed to allow the claims.