Plaintiff's action was based on a judgment rendered in the State of Florida awarding her alimony. In her complaint she alleges that she is a resident of Florida and the defendant a resident of Henderson County, North Carolina; that in 1934 in a court of competent jurisdiction, in Palm Beach County, in the State of Florida, the plaintiff and *Page 97 
defendant were parties to an action wherein final judgment or decree was rendered in favor of plaintiff and against the defendant, a copy of the judgment being attached; that the court was a court of record and had full jurisdiction of the matters referred to in the judgment; that the judgment was based on personal service on the defendant, who filed answer in the cause; that the judgment is still in full force and effect in the State of Florida; "that there is now due and owing the plaintiff by the defendant under the requirements of said judgment the sum of $810 in alimony as of 1 October, 1940."
In the prayer for relief it was asked that "said judgment or decree be made the judgment or decree of the Superior Court of Henderson County, North Carolina, as fully and to the same extent as if said judgment was originally rendered by the courts of North Carolina."
It appears from the judgment that a divorce a vinculo was decreed, and that in accordance with the laws of the State of Florida alimony in the sum of $30.00 per week was adjudged to be paid by defendant to the plaintiff as long as she remained unmarried, together with $150.00 attorneys' fees. The custody of the children was awarded plaintiff. The judgment also contained this item: "Provisions as to alimony and as to support and custody of the children shall be subject to further order of the court."
Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that (1) it appeared to be an action for the adoption in this State of a judgment rendered in the State of Florida; (2) and the Superior Court of Henderson County is without authority to make its own a judgment in the State of Florida; (3) in that it appears that the judgment is not a final judgment, and that the cause is still pending in Florida, and is subject to the further order of that court; (4) that this court is without jurisdiction to deprive the Florida court of the right to modify its decree as to alimony; (5) that the judgment is interlocutory and cannot be made the basis of an independent action in this court; (6) that it appears from the complaint that there is pending in the Circuit Court for Palm Beach County, Florida, another action between the same parties for the same cause of action; (7) that it appears by the terms of the judgment the plaintiff and defendant were absolutely divorced, and the granting of alimony in such case is contrary to the laws of North Carolina.
The demurrer was overruled, and defendant appealed.
It may be noted at the outset that it is admitted for the purposes of the demurrer that the Florida court, which rendered the *Page 98 
judgment sued on, had jurisdiction of the parties as well as of the cause of action; that the defendant was personally served with process and answered; that the judgment was rendered in 1934 adjudging the amount of alimony payable by the defendant to the plaintiff in installments; that the judgment is still in full force and effect in Florida, and that the amount now sued for in this action represents the installments of alimony past due at the commencement of this action.
The demurrer challenges the sufficiency of the complaint upon several grounds. The first objection is that the apparent purpose of the action is to have a judgment or decree rendered in the State of Florida adopted as the judgment of the Superior Court of Henderson County to the same extent as if originally rendered in that court. Objection on this ground would be good except for the fact that it is pointed only to the plaintiff's prayer for relief, and, under our decisions, the prayer for relief is not a necessary part of the complaint, and may be regarded as immaterial. The measure of relief is to be determined by the facts alleged in the complaint, and the proofs thereunder. Knight v. Houghtalling, 85 N.C. 17;Lumber Co. v. Edwards, 217 N.C. 251 (255), 7 S.E.2d 497.
The principal objection is that the Florida judgment, upon which this action is based, is not a final judgment, for that it is recited in the judgment that the provisions as to alimony shall be subject to further order of the court. It is urged that the decree is interlocutory and should not be made the basis of an independent action in the courts of North Carolina. The point is made that for these reasons the judgment sued on does not come within the protection of the Full Faith and Credit Clause of the Constitution of the United States.
Article IV, section 1, of the Federal Constitution not only commands that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," but it adds, "Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Congress exercised this power by providing that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."
In Milwaukee County v. White, 296 U.S. 268, it was said: "A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. Recovery upon it can be resisted only on the grounds that the court which rendered it was without *Page 99 
jurisdiction; . . . or that it has ceased to be obligatory because of payment or other discharge . . .; or that it is a cause of action for which the state of the forum has not provided a court, unless it is compelled to do so by the privileges and immunities clause . . .; or possibly because procured by fraud."
Does the Full Faith and Credit Clause of the Constitution apply to actions to recover past-due installments of alimony decreed by a court in a state other than that of the forum? Whatever uncertainty may have existed as to the law on this subject seems to have been definitely settled by the decision of the Supreme Court of the United States in Sistare v. Sistare,218 U.S. 1. The resume of that decision as set out in the first headnote is this: A decree for the future payment of alimony is, as to installments past due and unpaid, within the protection of the Full Faith and Credit Clause of the Constitution, unless by the law of the state in which the decree was rendered its enforcement is so completely within the discretion of the courts of that state that they may annul or modify the decree as to overdue and unsatisfied installments. The facts in that case were strikingly like those in the case at bar. In that case by the judgment of a court in the State of New York the wife was granted separation from bed and board from her husband and he was ordered to pay her $22.50 per week for the support of herself and minor child. Five years later, at which time none of the installments of alimony had been paid, the wife commenced action in the Superior Court of New London County, Connecticut, to recover the amount then in arrears of the decreed alimony. The defendant contended that the judgment rendered in the State of New York requiring future payments did not constitute a final judgment for a fixed sum of money which would be enforceable in Connecticut, and that the judgment, being subject to modification by the court which granted it, was not a judgment enforceable in another state, and that the requirement of sums of money to be paid in installments did not constitute it a debt or obligation from the defendant to the plaintiff. In the trial court judgment was rendered in favor of the wife for the arrears of alimony due at the commencement of the action. The Supreme Court of Connecticut reversed the judgment below, and the case was taken to the Supreme Court of the United States where the decision of the Connecticut Supreme Court was reversed. The opinion ofChief Justice White states the applicable principle of law to be as follows: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the Full Faith and Credit Clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber case *Page 100 
(Barber v. Barber, 20 How., 582), `alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due." The Court distinguished the case of Lynde v. Lynde, 181 U.S. 183, where an apparently different view had been expressed, and upon which the Connecticut decision had been based, and declared that the correct principle had been laid down in Barber v.Barber, supra.
To the same effect is the decision in the recent case of Junghaus v.Junghaus, 112 F. (2), 212, decided April, 1940. In that case the wife had obtained a decree for a limited divorce, with alimony, in the District of Columbia Court. Later she sued the husband in Maryland to collect arrears of alimony. The Court said: "Installments which, when the Maryland action was brought, were already due and not subject to modification, stand on a different basis. As to them, the Maryland court was bound to give full faith and credit to the District Court's decree for alimony." And inArmstrong v. Armstrong, 177 Ohio St. 558, 160 N.E. 3, 57 A.L.R., 1108, it was held that a judgment for alimony payable in installments constituted a final judgment entitling it to full faith and credit in another state, unless under the law of the jurisdiction where rendered power of modification extended to accrued as well as future installments. In Shibleyv. Shibley, 181 Washington, 166, 97 A.L.R., 1191, it was held that a decree for alimony, rendered by a court of another state, is final, so as to permit enforcement in the court of the forum, as to installments due and unpaid, where by the law of the foreign state it is not subject to modification as to such sums without the consent of the parties.
In 19 C. J., 365, commenting on the rule laid down in Sistare v.Sistare, 218 U.S. 1, it is said: "The question has been settled by the Supreme Court of the United States."
In McWilliams v. McWilliams, 216 Ala. 16, the rule was clearly stated as follows: "The decree for alimony, so far at least as concerns past-due installments, is none the less a final decree because it may be modified by the court which rendered it. Authorities are abundant which hold that such a decree, for a fixed sum, is a judgment of record, and will be received by other courts as such. And such a decree rendered in any state of the United States will be carried into judgment in *Page 101 
any other state," citing Wells v. Wells, 209 Mass. 282. To the same effect is the holding in Rosenberg v. Rosenberg, 152 Md. 49; Fanchier v. Gammill,148 Miss. 723; Levine v. Levine, 121 Or. 44; Taylor v. Stowe,218 Mass. 248; Campbell v. Campbell, 28 Okla. 838; Keck v. Keck,219 Cal. 316; Holton v. Holton, 153 Minn. 346, 41 A.L.R., 1415.
In Dyal v. Dyal, 16 S.E.2d 53, decided 16 July, 1941, the Court of Appeals of Georgia considered a suit to recover past-due installments of alimony decreed by a court in the State of Florida, and reaffirmed the principle that the Florida judgment was entitled to the same faith and credit in Georgia that was accorded it in the state where rendered. There the defendant answered, pleading payment and discharge, and demurrer to the answer was overruled. It may be noted that in a previous decision in a case between the same parties (Dyal v. Dyal, 187 Ga. 600), the wife's independent application in a Georgia court for temporary alimony and counsel fees was denied. But in the last case suit on the Florida judgment for arrears of alimony already accrued under the decree of that state was permitted.
The case of Israel v. Israel, 148 Fed., 148, cited by defendant, was decided (1906) prior to the ruling laid down in the Sistare case, supra, and therefore may no longer be regarded as authority for defendant's position. Referring to these cases, as well as the Lynde case, supra, we quote what is said in 17 Am. Jur., 576-577, as follows: "Past-due installments, which the court is without power to modify, may be enforced. A few courts, erroneously interpreting a decision of the United States Supreme Court (Lynde v. Lynde,) have held that a periodical allowance, so far as it awards alimony to become due and payable after its rendition, is not within the protection of the Full Faith and Credit Clause of the Federal Constitution so as to require its enforcement as to such installments in another state (Israel v. Israel.) In a subsequent decision, however, the United States Supreme Court cleared up the tendency to confusion by holding that, unless it appears from the law of the jurisdiction wherein a decree was granted that the power of modification extends to accrued as well as to future installments of alimony, a periodical allowance constitutes a final judgment within the meaning of the Full Faith and Credit Clause, so far as installments already accrued are concerned, provided no modification of the decree has been actually made prior to the maturity of such installments (Sistare v. Sistare.") The defendant also cited Hewett v. Hewett, 44 R. I., 308. The opinion in that case quoted with approval the rule in the Sistare case, supra, but held that under the laws of Massachusetts (where the original judgment had been rendered) the courts there had power to modify a decree for alimony as to past-due installments, and for that reason the decree was not final. *Page 102 
The case of Janous v. Bank, 101 Neb. 393, is not in point. The only other case cited by defendant which tends to support his contention on this point was Grimm v. Grimm, 42 Pa. Co., 685. This decision, however, is by a subordinate court and not by the court of last resort of that state.
In accord with the guiding principles enunciated in these authorities, it becomes necessary to determine whether under the Florida law the Circuit Court for Palm Beach County had discretionary power to modify or annul the decree as to past-due and unsatisfied installments of alimony, or whether these constituted vested rights of the plaintiff established by judgment.
The latest case on the subject decided by the Supreme Court of Florida is Andruss v. Andruss, reported in 198 So. 213, decided 25 October, 1940. It was said in that case: "Payment of alimony may be usually enforced upon summary application to the court wherein the decree was rendered. 17 Am.Jur., section 659. Although the decree herein was subject to modification, jurisdiction being specifically retained for that purpose, the right to installments of alimony already accrued is vested, and the court has no power to modify provisions as respects past-due installments. 17 Am. Jur., 494; 19 C. J., 309; Kennard v. Kennard, 131 Fla. 473." We also quote fromGaffney v. Gaffney, 129 Fla. 172: "We now adhere to and apply to this case the enunciation therein (referring to the case of Dickenson v. Sharpe,94 Fla. 25) made as to the power of a trial court to adjudicate the amount of alimony in arrears, render judgment therefor, and order issuance of execution." See, also, Tivas v. Tivas, 196 So. (Fla.), 175.
By statute enacted by the Legislature of Florida in 1935 (ch. 16780, Acts 1935), the Circuit Court of Florida was authorized, where there had been a change in conditions, upon application and after giving both parties opportunity to be heard, to make an order decreasing or increasing or confirming the amount of alimony, and it was provided that thereafter the husband should be required to pay only the amount so determined, and that the decree for the purpose of all actions, within or without the state, should be deemed to be modified accordingly. However, this statute was held in Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, to operate prospectively. In that case the divorce decree was rendered in 1929. The Court said: "While the decree awarding alimony as in this case is not a contract obligation that is secured from legislative violation by the contract clause of the Federal and State Constitutions, yet, where past-due installment payments of alimony under a valid judicial decree remain unpaid, they do constitute vested property rights of which the party cannot be deprived except by due process of law. The statute operates prospectively to authorize *Page 103 
modifications of alimony decrees as to future payments from the date of application, to the extent authorized by valid provisions in the statute, even though the court had not expressly reserved the authority to change or modify a decree when it was rendered. The court rendered a decree for past-due installments of alimony. The prayer for modification of alimony decree as to payments in default when the petition was filed was denied, and a special master was appointed to take testimony on the issue as to whether relief should be allowed as to future payments. This was in accord with the law and the prior decisions of the Court. See Gaffney v. Gaffney,129 Fla. 172; Mooty v. Mooty, 179 So. 155; and Kennard v. Kennard,179 So. 660." It will be noted that the divorce decree in the case at bar was rendered in 1934, prior to the passage of the act referred to. There was no allegation that any modification had been applied for or allowed. On the contrary, it was alleged that the Florida judgment was final, that it was still in full force and effect, and that accrued installments amounting to $810 were due at the commencement of the action.
It seems clear that under the laws of Florida applicable to a decree for alimony rendered in 1934, as interpreted by the court of last resort of that state, the plaintiff's right to installments of alimony fixed by the judgment and already accrued is deemed vested, and that the court which rendered the judgment has no power to modify its terms as respects past-due installments. The principle enunciated in Sistare v. Sistare, supra, is therefore applicable, and the Florida judgment is entitled to the protection of the Full Faith and Credit Clause of the Constitution, and to have such faith and credit given it in the North Carolina courts as it has by law in the courts of the state from which it was taken.
The rule in North Carolina is that a judgment awarding alimony is a judgment directing the payment of money by the defendant, and by such judgment the defendant becomes indebted to the plaintiff for such alimony as it falls due, and when the defendant is in arrears in the payment of alimony, the Court may judicially determine the amount due and enter decree accordingly. It has no less dignity than any other contractual obligation.Barber v. Barber, 217 N.C. 422, 8 S.E.2d 204. In Duss v. Duss,92 Fla. 1081, the obligation of the divorced husband to pay alimony was stated in language of similar import. See, also, Craig v. Craig,163 Ill. 176, 45 N.E. 153.
The defendant asserts in his demurrer that there is pending in the Circuit Court for Palm Beach County, Florida, another action between the same parties for the same cause of action. If it is intended to allege that there is pending between the parties another suit, as distinguished from that in which the judgment in question was rendered, this should be taken advantage of by answer or plea in abatement and not by demurrer, *Page 104 
since it refers to a matter which does not appear in the complaint. Allenv. Salley, 179 N.C. 147, 101 S.E. 545. If he is simply restating his position that the judgment is not final and in that sense is pending, we have disposed of that contention by what already has been said.
The defendant lastly demurs on the ground that the judgment in the Florida court dissolved the bonds of matrimony between plaintiff and defendant, and that it is contrary to the laws of this State to grant alimony thereafter.
While there is no statute in this State permitting judgment for the payment of alimony where absolute divorce has been decreed, there is no statute forbidding suit on a judgment from another state where alimony was allowed in accord with the laws of that state, nor is there a statute or decision of this State declaring it contrary to the policy of the State. Nor can alimony, as such, be considered as contra bonos mores, or inimical to the public welfare, nor has the jurisdiction of the courts of the State been denied to suits on otherwise valid judgments of other states decreeing payment of alimony in such cases. In Duffy v. Duffy, 120 N.C. 346,27 S.E. 28, it was said: "At common law, where a divorce a vinculomatrimonii was granted, no allowance for future support of the wife was given, and we have no statute in this State allowing it."
In Arrington v. Arrington, 127 N.C. 190, 37 S.E. 212, the plaintiff sued in this State upon an Illinois judgment, which had decreed divorce avinculo with alimony, for past-due installments of the alimony fixed by the Illinois judgment. It was held in effect that the Illinois judgment, duly authenticated, under the Federal Constitution, was entitled to full faith and credit in the courts of North Carolina, citing as authority Barber v.Barber, 21 How., 582, and judgment of nonsuit in the Superior Court was set aside. Justices Clark and Douglas dissented on the ground that the judgment for alimony being subject to modification by the court at any time, was interlocutory and not a final judgment. However, the dissent was based upon the construction given to the case of Lynde v. Lynde, 181 U.S. 183. Upon a later appeal in Arrington v. Arrington, 131 N.C. 143, 42 S.E. 554, deciding that claims for alimony were debts dischargeable in bankruptcy, it was intimated that the majority of the Court as then constituted would have agreed with Justice Clark, basing that view also on Lynde v. Lynde, supra. It will be noted, however, that in Sistare v. Sistare, 218 U.S. 1, ChiefJustice White analyzed the cases of Barber v. Barber, supra, and Lynde v.Lynde, supra, and said if there was a conflict between those cases, theLynde case, supra, "must be restricted or qualified" so as to accord with the Barber case, supra. *Page 105 
The North Carolina statutes prohibiting gambling in futures and denying jurisdiction of the courts to suits on judgments based upon such contracts have been upheld as constituting an exception to the application of the Full Faith and Credit Clause of the Constitution, on the ground that the State had not provided a court with jurisdiction to entertain suit on such a judgment though properly rendered in another state. Mottu v. Davis,151 N.C. 237, 65 S.E. 969; Cody v. Hovey, 219 N.C. 369; Provision Co. v.Davis, 191 U.S. 373; Milwaukee Co. v. White, 296 U.S. 268.
That principle, however, is not applicable here, nor do we know of any principle upon which we can deny full faith and credit to a judgment rendered in the State of Florida according to the laws of that state by a court of competent jurisdiction, both as to the subject matter and the parties, wherein an obligation on the part of the defendant to pay money to the plaintiff was definitely decreed.
After careful consideration of the principles of law involved, we reach the conclusion that the complaint may not be overthrown by the demurrer, and that the judgment of the Superior Court should be
Affirmed.