WILLIAM MATSON, Appellant, *v.* SAMUEL P. CALHOUN, Respondent.

1. *Practice, Civil — Actions — Trover — Mistake in boundary lines — Fence rails.*—A rail fence, built with the intention of dividing the lands of A. and B., was, by miscalculation, placed inside of B.'s boundary line. Suit being brought for the value of the rails, the court properly held that if the proof showed the mistake in placing the fence, and the license and permission of plaintiff to build it inside his line, and its removal by defendant to the true dividing line in a reasonable time after the error was discovered, the jury should find for plaintiff. The mere erection of the fence upon plaintiff's land did not operate to vest the title thereto in him.

*Error to Fourth District Court.*

*G. D. Burgess,* for appellant.

Improvements and buildings erected on the land of another become the property of the land-owner. (1 Washb. on Real Prop. 4; Crest v. Jack, 3 Watts, Penn., 239; West v. Stewart, 7 Penn. St. 122.) And defendant in this suit was guilty of trespass in throwing down the fence and removing the rails. (2 Greenl. Ev. § 617; 28 Mo. 556.) This is so, even if the fence had been placed there by a license from plaintiff. (Prince v. Case, 2 Am. Lead. Cas. 527; Benedict v. Benedict, 5 Day, 464–9.)

*A. W. Mullins,* for respondent, cited Chouteau *et al.* v. Goddin *et al.,* 39 Mo. 250, 251, and cases there cited; Fuhr v. Dean, 26 Mo. 116; Miller v. Platt, 4 Duer, N. Y., 284; Walter v. Post, 4 Abb. N. Y. Pr. 389; 2 Am. Lead. Cas. 753; 6 Hill, N. Y., 61; 2 Seld., N. Y., 279; 2 Hare & Wall. Am. Lead. Cas. 748.

CURRIER, Judge, delivered the opinion of the court.

These parties were adjoining land-owners. In 1858 the defendant erected a rail fence upon a line dividing his lands from the lands of the plaintiff, as he supposed and believed. A subsequent survey, however, disclosed the fact that the fence was built upon the plaintiff's land, a rod or more from the true line of division separating the two lots. The defendant thereupon removed the fence back to its true position. The fence having been built upon the plaintiff's lands, he claims the rails composing it as his property, and sues for their value. The defendant claims to have placed the fence where it was originally constructed, with the knowledge and upon the license and permission of the plaintiff, and sets up these facts in bar of the action. Issue was joined on these averments. The trial resulted in a verdict for the defendant, and the plaintiff brings the case here by successive appeals.

At the trial the plaintiff asked instructions based on the theory that the erection of the fence upon the plaintiff's land operated to vest the title thereto in him. These instructions were refused;

and the court instructed the jury, at the instance of the defendant, to the effect that if they found from the evidence that the fence was originally placed on the plaintiff's lands through mistake, and upon the license and permission of the plaintiff, and that the defendant removed it back to the true line in a reasonable time after the error was discovered, his acts therein were justifiable, and that the verdict should be in his favor.

This, for substance, is the error complained of. The plaintiff's theory of the law is not well founded. The principle adopted by the court is legally correct, applicable to the case, and grounded upon considerations of the clearest equity and justice. (See 1 Washb. on Real Prop., 3d ed., p. 542, § 2; Smith v. Goulding, 6 Cush. 155; Fuhr v. Dean, 26 Mo. 116; Chouteau v. Goddin, 39 Mo. 229.)

The other judges concurring, the judgment is affirmed.

