GREEN v. GREEN.

(Filed December 18, 1902.)

1. DIVORCE—*From Bed and Board—Evidence—Sufficiency—The Code, Sec. 1286.*

   A divorce from bed and board will be granted the wife, if it is shown that the husband made foul and injurious accusations, refused to bed with her, and denied she was his wife.

2. DIVORCE—*Bed and Board—Evidence—Competency.*

   In an action for divorce by a wife, from bed and board, evidence of the acts of the husband within six months before the commencement of the action is not competent.

ACTION by Maggie V. Green against John A. Green, heard by Judge *M. H. Justice* and a jury, at September Term,

1902, of the Superior Court of JACKSON County.   From a judgment for the defendant, the plaintiff appealed.

*Walter E. Moore,* for the plaintiff.
*Coleman C. Cowan,* for the defendant.

CLARK, J.   This is an action for divorce from bed and board.   The complaint alleges, in substance, that on or about 4 September, 1900, the defendant cursed and abused the plaintiff, drawing back his fists to strike her (which plaintiff avoided by stepping back), and told her to leave his house, that he did not respect or love her, and this in the presence of a neighbor, and states her conduct to show that she did not provoke it; that the defendant was jealous, and if she spoke to any man or went to any neighbor's house, the defendant would get mad and would not speak to her for several days, and that she did nothing to cause jealousy, stating her conduct; that for at least six months prior to 4 September, 1900, the day the plaintiff was driven from the defendant's house, he had slept in the store house, and refused to stay in the dwelling house and sleep with this affiant, though she had often begged him so to do, and had withdrawn during that time all marital intercourse from the plaintiff, and had denied his being father of their children; whereupon, she avers that such indignities have rendered her condition intolerable and life burdensome.   The Code, Sec. 1286.

The plaintiff testified that she was 25 years old, and the defendant 59; that they had been married six years and had two children, and testified somewhat more in detail to the state of facts above set out, and introduced, without objection, a long letter from the defendant, written in November, 1900, soon after the separation, in which, among other insulting things, he repeats that the children are not his, and charges that they were begotten by the plaintiff's uncle.   Upon de-

murrer to the evidence, the Court gave judgment of nonsuit. In this there was error.

In *Coble v. Coble,* 55 N. C., 392, it is said that it is not necessary that, to render the plaintiff's condition intolerable and life burdensome, there should be a striking, or even a touching of the body, but foul and unjust accusations often repeated, with a withdrawal of intercourse and refusing to bed with his wife, and (in that case) threats of deadly violence, were sufficient. Here, we have all these except the last, and in addition we have, here, the offer to strike and the express charge of the illegitimacy of the children. Would it be reasonable, should these facts be sustained by a verdict, to compel the plaintiff to again bed and board with the defendant by refusing a judicial separation and alimony for her support? The defendant, according to the allegation and evidence, has already given himself such separation from bed and board by abandoning the plaintiff, living separate and apart from her, and refusing conjugal relations, and it appears is defending this action simply to avoid contributing to her support. In *Erwin v. Erwin,* 57 N. C., 82, the facts were almost identical with those in this case.

The complaint states the circumstances specifically, giving time and place, as required. *Martin v. Martin,* 130 N. C., 27, and *Ladd v. Ladd,* 121 N. C., 118, and numerous cases cited therein; also specifically her conduct on the occasions referred to, that it may be seen that her allegation that there was "no provocation on her part," was not a conclusion of law or fact draw by herself. *Jackson v. Jackson,* 105 N. C., at page 438, and cases there cited, and *O'Connor v. O'Connor,* 109 N. C., 139. The answer denies the allegations of the complaint, but sets up no counter allegations of conduct on the part of the plaintiff in bar of a divorce, notwithstanding the complaint.

The letter of November, 1900, it is true, was written with-

in six months of bringing the action, and it may be (which we do not decide) should have been ruled out if excepted to; but it was only a reiteration of what was already in evidence, save the charge that the plaintiff's uncle was specifically named as the father of the children, whose paternity he had before disclaimed, according to the plaintiff's evidence. This additional indignity having been within six months before action brought, was clearly incompetent, and that part of the letter should have been excluded by the Court *ex mero motu,* but in withholding the case from the jury there was

Error.