ALAMANCE LUMBER COMPANY v. W. W. EDWARDS AND WIFE, OPHELIA EDWARDS.

(Filed 6 March, 1940.)

**1. Appeal and Error § 40b—**

An order striking out portions of the complaint will not be disturbed on appeal when it does not prejudice plaintiff or embarrass it in the prosecution of its cause.

**2. Betterments § 1—**

The owner of a lot who, through innocent mistake, constructs a house partly on his lot and partly on the adjacent lot, acquires an equity, which equitable right is assignable but does not run with the land, and the purchaser of his lot at the foreclosure sale of a deed of trust thereon may not enforce the equity against the owner of the adjoining lot.

**3. Assignments § 1—**

An equity arising to the owner of land by reason of his construction of a house, through innocent mistake, partly on the adjacent land, is assignable.

**4. Mortgages § 42—**

　　The ·purchaser of land at a foreclosure sale acquires title to the land as it is described in the mortgage or deed of trust, and does not acquire an equity arising in favor of the *cestui* by reason of the fact that the *cestui* had constructed a house through innocent mistake partly on adjacent land.

**5. Ejectment § 11—Complaint held to state cause of action in ejectment, and demurrer was properly overruled.**

　　The complaint in an action by the purchaser of land at the foreclosure sale which alleges that the *cestui* had built a house on the land which, through innocent mistake, was constructed partly on the adjacent lot, that the owner of the adjacent lot had taken possession of the entire house and collected the rents and profits therefrom, states a cause of action to eject the owner of the adjacent lot from that part of the house admittedly on the land embraced in the deed of trust and purchased by plaintiff, and for an accounting. of the rents, and a demurrer thereto is properly overruled.

**6. Pleadings § 15—**

　　A demurrer for failure of the complaint to state a cause of action is properly overruled if the complaint in any aspect states facts entitling plaintiff to relief, even though the complaint fails to specifically pray for the particular relief to which the facts alleged entitle plaintiff.

APPEAL by plaintiff and defendants from *Parker, J.,* at May-June Civil Term, 1939, of DURHAM. Affirmed as to both appeals.

The plaintiff brought this action to recover the value of a portion of a house built by mistake on defendants' lot, or, in lieu of such relief, that it be permitted to remove the house from the premises. The defendants moved to strike out certain portions of the complaint; and also demurred to the complaint as not stating a cause of action. The motion to strike was allowed in part and denied in part. From the order striking portions of the complaint, the plaintiff appealed. The demurrer was overruled and defendants appealed.

The plaintiff sets up substantially that the New Hope Realty Company, originally the owner of two adjoining lots of land designated by consecutive numbers, as will presently appear, conveyed one of these lots —No. 22—to Alex Jackson and wife, Mary Jackson, by deed recorded 9 April, 1926; and, thereafter, the said Alex Jackson and wife, under an agreement made with a contractor, Ed Barnes, erected a dwelling house, as they supposed, located on Lot 22. In order to secure the materials for the building of the house, the said Jackson and wife executed a deed of trust on Lot 22 to C. J. Gates, trustee for Ed Barnes, 31 July, 1929, which was properly recorded. The note and deed of trust were transferred to the plaintiff for a valuable consideration, that is to say, the furnishings of the materials for the building of the house, which was known as No. 1406 South Street.

The makers of the note and deed of trust being unable to pay the same in full, a foreclosure proceeding was had, in pursuance of which C. J. Gates, trustee, conveyed the premises to the plaintiff on 20 September, 1930, which deed was duly recorded. Thereupon, the plaintiff in this case went into the possession of the house and has rented it out, kept it in repair, paid taxes on it, and dealt with it altogether as its own property.

The New Hope Realty Company, also owner of adjoining Lot No. 23, a vacant lot, at no time raised any question about any encroachment on Lot 23 of the building erected on Lot 22.

The New Hope Realty Company went into the hands of receivers and its property, including Lot 23, was sold and through *mesne* conveyances came into the hands of the defendants.

Finally, it was discovered that a portion of the house known as 1406 South Street, built by the Jacksons, had been erected and was located partly on Lot 23, belonging to the defendants. It is alleged that those under whom plaintiff claims had used all due diligence, had reasonably supposed that the house was properly erected on Lot 22 and its location partly on Lot 23 was entirely by mistake, but in March, 1939, Edwards having discovered that the house was partly upon his land, it is alleged, "unlawfully and wrongfully took possession of said property, and since 13 March, 1939, the said Edwards has been wrongfully and unlawfully collecting the rents from said property." The plaintiff demanded that defendant Edwards cease collecting the rents from the property and Edwards made a counter-demand that the plaintiff pay to him all the rents which had been collected by plaintiff for the past eight or nine years without having offered to pay any of the costs of repair, insurance, and taxes which the plaintiff had paid on the house for the said period.

The complaint contains a statement of proposals made by plaintiff to Edwards to adjust their differences, and a statement that these proposals had not been accepted.

The prayer of the complaint is (a) for recovery of the value of the premises, (b) if this relief cannot be had, for permission to remove the house from defendants' premises, (c) for the appointment of a receiver, and (d) for costs and such "further relief as the plaintiff may be entitled to have either in law or in equity."

*Claude V. Jones and Allen & Madry for plaintiff, appellee-appellant.*
*S. C. Brawley and S. C. Brawley, Jr., for defendants, appellees-appellants.*

## PLAINTIFF'S APPEAL.

SEAWELL, J. We see nothing in the order striking out certain portions of the complaint which may be harmful to the plaintiff or embar-

rassing to it in the prosecution of its cause, and the order will not be disturbed. *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364; *Pemberton v. Greensboro,* 203 N. C., 514, 515, 172 S. E., 196.

### DEFENDANTS' APPEAL.

It is apparent that the defendant Edwards intends to take whatever advantage he may of the windfall that has come to him by reason of the innocent mistake of the original adjoining landowner who, unwittingly, constructed his house partly upon a vacant lot now the property of defendant. Whatever advantage the defendant may have under the austerities of more formal law, plaintiff contends, with some reason, that this attitude is calculated to produce substantial injustice, and argues that it is remediable in equity. We fear that the method of approach to the equitable jurisdiction has not been fortunate.

That there were equities between the original owners of these adjoining lots—the one who built too generously and the one upon whose land the house encroached—must be conceded. Pomeroy Equity Jurisprudence, Vol. 2, sec. 867; *Hardy v. Burroughs* (Mich., 1930), 232 N. W., 200, and cases cited; *Phelps v. Kuntz et al.* (N. J., 1910), 76 Atl., 237; *Crump v. Sanders* (Tex., 1915), 173 S. W., 559; 31 C. J., 318-319; *Gordon v. Fahrenberg & Penn,* 26 La. Ann., 366; *Matson v. Calhoun,* 44 Mo., 368; *Uthoff v. Thompson* (La., 1933), 146 So., 161; *Olin et al. v. Reinecke et al.* (Ill., 1929), 168 N. E., 676. See, also: 31 C. J., p. 312, sec. 9; *Harrington v. Lowrie,* 215 N. C., 706, 2 S. E. (2d), 872, and cases cited. Whether these equities have weathered both time and the vicissitudes of trade and alienation is a question. Such a right is capable of equitable assignment (*Bank v. Jackson,* 214 N. C., 582, 586, 200 S. E., 444; *Trust Co. v. Construction Co.,* 191 N. C., 664, 132 S. E., 804), but we are unable to agree that it runs with the land—that is, that it follows a transfer of the legal title of the land upon which the owner supposed he was building and is assertable against all persons into whose hands may come the land on which the encroachment was made—although there is authority in some jurisdictions suggesting that view.

The plaintiff derives its title to the Jackson lot through foreclosure of a trust deed which, in its form at the time, and, of course, its present form, is a mere legal conveyance of the title—in trust, of course—without expression of any intent between the parties to include in the contract any extraterritorial rights and, in law, must be confined in its effect to the metes and bounds of the description. If it could be now reformed to any advantage to the plaintiff, no equitable basis has been laid for it in the complaint. *Buchanan v. Harrington,* 141 N. C., 39, 53 S. E., 478, and cases cited.

The Jacksons have not been made parties to the suit, and no attempt has been made by the plaintiff to work out its equity through any authority from them, other than that supposed to be contained in the successive transfers of the legal title.

If we looked alone to the assertion of this equity, which is, of course, the paramount relief sought for, we would be compelled to sustain the demurrer in the present state of the pleading.

But the plaintiff alleges that defendants have wrongfully taken from it, the lawful owner, the possession of the whole building, are collecting the rents for it, and not only refuse to account for them, but are demanding of plaintiff a payment to them of the rentals collected for a long period of years, during which plaintiff has paid taxes and kept the premises in repair. In this aspect the complaint is sufficient to support a demand for ejectment of defendants from plaintiff's admitted portion of the house, and an accounting from them of the rents. It is immaterial whether this is included in the prayer, if the allegations in the complaint warrant it. *Knight v. Houghtalling,* 85 N. C., 17; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Bolich v. Ins. Co.,* 206 N. C., 144, 173 S. E., 320; *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369; *Sparrow v. Morrell & Co.,* 215 N. C., 452, 2 S. E. (2d), 365.

We are quite aware this might prove a Pyrrhic victory for plaintiff, if it should be unable to assert successfully the equity which it claims; but we are not permitted to strike down a pleading, against the protest of the pleader, when the Court might give some relief on the facts alleged, although not that asked for in the prayer. See authorities, *supra.*

What the plaintiff may do hereafter to "mend its licks," if anything, is not, at present, a concern of the Court.

On both appeals, the judgment is

Affirmed.