ALTON K. PEARCE v. INEZ M. PEARCE.

(Filed 1 May, 1946.)

**1. Pleadings § 15—**

Upon demurrer the pleading will be liberally construed and the demurrer overruled if facts sufficient to entitle the pleader to some relief can be gathered from the pleading.

**2. Same—**

A demurrer to an answer should be overruled if sufficient facts can be gathered from the pleading to entitle defendant to some relief, notwithstanding that the answer fails to state separately the cause or causes relied on for affirmative relief and the matters relied on as defenses, as required by G. S., 1-138 and Rule 20 (2).

**3. Husband and Wife § 12d (1) : Divorce § 5b—**

A deed of separation which is not executed as required by G. S., 52-12, G. S., 52-13, is void *ab initio* and does not in law exist, and therefore no claim can be asserted by the husband thereunder, and where the execution of such void agreement appears from the pleadings in the husband's

action for divorce on the ground of two years separation, the allegations of the wife's answer must be weighed in the light of this fact.

**4. Divorce § 5b—**

Allegations that the husband cohabited and committed adultery with another woman and that these illicit relations continued over a period of time notwithstanding the protestations and pleas of the · wife, states a cause of action for absolute divorce. G. S., 50-5 (1).

**5. Same: Divorce § 1—**

Allegations to the effect that the husband, to the great humiliation of the wife, had been living in adultery, that he repeatedly avowed his loss of affection for and his desire to be rid of his wife, had ejected her from his bed, and finally ordered her from his home, saying that he never intended to live with her again as husband and wife, states a cause of action in the wife's favor for divorce from bed and board. G. S., 50-7 (4).

**6. Same—**

Under G. S., 50-7 (4), allegation of actual physical violence is not required.

**7. Divorce § 2½—**

In a divorce action, an answer which alleges causes for divorce against plaintiff interposes a plea of recrimination in defense.

APPEAL by plaintiff from *Parker, J.,* at December Civil Term, 1945, of WAKE. Affirmed.

Civil action for divorce heard on demurrer to the further defense and cross action pleaded in defendant's answer.

This case was here on former appeal. *Pearce v. Pearce,* 225 N. C., 571. After the cause was remanded the defendant filed an amended answer in which she pleads a revised further defense and cross action.

The plaintiff demurred for that the facts alleged, in view of defendant's admissions, are not sufficient to constitute (1) a cross action or (2) a valid defense. The demurrer was overruled and plaintiff appealed.

*Douglass & Douglass for plaintiff, appellant.*
*Thos. W. Ruffin for defendant, appellee.*

BARNHILL, J. The further defense and the cross action or actions upon which defendant apparently relies are not separately stated as required by statute and by the Rules of Practice adopted by this Court. G. S., 1-138, Rule 20 (2), 221 N. C., 557. Numerous facts are alleged in a series of paragraphs without any satisfactory attempt to indicate. which are relied upon in defense and which as a basis for affirmative relief. Hence it does not appear with any degree of certainty just what

affirmative defense and which cause or causes for divorce she seeks to assert.

Even so, on demurrer the defendant is entitled to have her pleadings liberally construed. *Sparrow v. Morrell & Co.*, 215 N. C., 452, 2 S. E. (2d), 365. The demurrer will not be sustained if facts sufficient to entitle her to some relief can be gathered .therefrom. *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807; *Lumber Co. v. Edwards,* 217 N. C., 251, 7 S. E. (2d), 497.

The defendant denies that there has been a voluntary separation and alleges that plaintiff, since June, 1941, has maintained an apartment in Richmond for another woman with whom he has lived in illicit rela- tions; that he has repeatedly committed acts of adultery with this woman; that since said time he has become cold and indifferent toward defendant, has excluded her from his bedroom, and has continuously and repeatedly told her that he did not give a damn about her, did not want her, and that he never expected to live with her as husband and wife again; that he has since that time refused to live with her as husband and wife; that she has repeatedly, for the sake of her children, attempted to persuade plaintiff to cease his misconduct and live the normal, peace ful life they had lived before he began his illicit relations with the woman in Richmond; that notwithstanding such attempts on her part the plaintiff has persisted in his repeated insults and humiliation of her and, finally, shortly before 19 August, 1942,. ordered defendant to leave his home; that thereupon under his persuasion she signed a separation agreement in writing in which the plaintiff agreed to pay her $100 per month in lieu of alimony "and thus the defendant wife separated herself from the plaintiff"; that said agreement was void in its inception for the reason that it was not executed in the manner required by G. S., 52-12 and 52-13; that at the time she was without property or income with which to discharge her ordinary living expenses and is now unable to defray the expenses of this litigation or to pay counsel to conduct her defense herein; that plaintiff, upon learning that said agreement was void, ceased to make the payments therein required and has not since August, 1945, made any contribution whatsoever toward her support; and that plaintiff's conduct as alleged has rendered her condition intoler able and her life burdensome. She further alleges that the misconduct of plaintiff was without any provocation on her part.

She prays (1) a decree of divorce *a mensa et thoro,* (2) an order for alimony *pendente lite* and counsel fees, (3) an order for alimony, and (4) for general relief.

It must be noted at the threshold of this case that the asserted written agreement of separation is void *ab initio*. G. S., 52-12, 52-13; *Daughtry v. Daughtry,* 225 N. C., 358; *Pearce v. Pearce,* 225 N. C., 571. In law

it does not exist. Hence the plaintiff has no right to claim the benefit of any of its provisions. The allegations in the answer must be weighed in the light of this fact.

Defendant alleges that plaintiff cohabited and committed adultery with another woman and that these illicit relations continued over a period of time notwithstanding the protestations and pleas of defendant. Thus she states a cause of action for absolute divorce. G. S., 50-5 (1).

It is likewise alleged that plaintiff, to the great humiliation of defendant, has been living in adultery, that he has repeatedly avowed his loss of affection and his desire to be rid of defendant, ejected her from his bed, and finally ordered her from his home, stating that he never intended to live with her again as husband and wife.

Such flagrant infidelity, humiliation and insult, repeated and persisted in, might well send the broken heart of a refined and sensitive woman to the grave. Allegation thereof sufficiently states a cause of action under G. S., 50-7 (4); *Jackson v. Jackson,* 105 N. C., 433; *Green v. Green,* 131 N. C., 533; *Coble v. Coble,* 55 N. C., 392. Under this section of the code allegation of actual physical violence is not required. *Coble v. Coble, supra; Green v. Green, supra;* 14 L. R. A., 685n; 18 L. R. A. (N. S.), 309n.

As the defendant has pleaded two causes of action for divorce, it follows that she has interposed a plea of recrimination in defense. *Taylor v. Taylor,* 225 N. C., 80; *Pharr v. Pharr,* 223 N. C., 115, 25 S. E. (2d), 471; *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466; *Brown v. Brown,* 213 N. C., 347, 196 S. E., 333; *Page v. Page,* 161 N. C., 170, 76 S. E., 619.

The judgment overruling the demurrer is
Affirmed.