ESSIE STONE BAILEY v. GEORGE R. BAILEY.

(Filed 13 January, 1956)

**1. Appeal and Error § 6c (2)—**

     An exception to the judgment entered presents for decision only whether the facts found support the judgment and whether any error of law appears on the face of the record.

BAILEY v. BAILEY.

**2. Divorce and Alimony § 12—**

Upon the hearing of a motion for subsistence *pendente lite* in an action for alimony without divorce on the ground of abandonment, there is no material difference between a finding by the court that defendant ordered plaintiff to get her things out of his house and evidence that defendant told plaintiff to move her things out of his house.

**3. Divorce and Alimony § 1b—**

In the wife's action for divorce *a mensa et thoro* on the ground of abandonment under G.S. 50-7(1), as well as in an action for divorce *a mensa et thoro* on the ground that defendant offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome, G.S. 50-7(4), the conduct of the husband may be so cruel, without the infliction of any physical violence, as to compel the wife to leave him and thus constitute an abandonment of the wife by him.

**4. Same—**

The courts will not attempt to define what is such cruel treatment by a husband as to compel his wife to leave him and constitute an abandonment by the husband of the wife.

**5. Same—**

Allegations to the effect that the husband permitted his grown children by a prior marriage to remain in his home in a drunken condition, and to curse, abuse and harass his wife at all hours of the day and night, and that he told her to get her things out of his house, *are held* sufficient to state a cause of action for divorce *a mensa et thoro* on the ground of abandonment, and, treated as an affidavit upon the hearing for subsistence *pendente lite*, to support the court's finding that the husband abandoned the wife.

**6. Pleadings § 15—**

If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer based on the ground that it does not allege a cause of action.

**7. Divorce and Alimony § 12—**

Findings to the effect that defendant had abandoned his wife without any fault or provocation on her part and without providing for her any maintenance or support, *held* to support order for subsistence *pendente lite* in the wife's action for alimony without divorce under G.S. 50-16.

**8. Same—**

An order for subsistence *pendente lite* does not affect the ultimate rights of the parties nor require a jury trial.

APPEAL by defendant from *Williams, Resident Judge,* in Chambers in Sanford. CHATHAM.

Action for alimony without divorce, pursuant to G.S. 50-16, heard upon a motion for subsistence *pendente lite* and counsel fees.

After a hearing the court entered an order that the defendant pay the plaintiff $300.00 and $125.00 a month beginning 1 April 1955 for subsistence *pendente lite,* and pay her counsel a fee of $300.00.

Defendant appeals, assigning error.

*Barber & Thompson for Plaintiff, Appellee.*

*John A. Robertson, Stanley L. Seligson, Gavin, Jackson & Gavin for Defendant, Appellant.*

PARKER, J. The defendant assigns as errors the judge's findings of fact numbered 3, 4, 5 and 7, his failure to find the facts as contended by the defendant, and the signing of the order.

This Court said in *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53: "The exception to the judgment entered presents for decision only two questions: (1) Do the facts found support the judgment, and (2) does any error of law appear upon the face of the record?"

At the time of their marriage on 15 November 1947, the plaintiff was a widow with five married children, and the defendant a widower with eight married children, and three minor children living with him.

The judge found these facts material for decision here, which are supported by competent evidence: (1) The existence of a valid marriage between the parties, and a living together as husband and wife, except for a year's separation in 1952-1953, until 21 May 1954. (2) The defendant has offered such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome, in that for several years, and particularly for several months prior to 21 May 1954, he has permitted, encouraged and condoned certain of his grown and married children to remain constantly at the home in which plaintiff and defendant lived, in a drunken condition, and to curse, abuse and harass plaintiff at all hours of the day and night. (3) On 21 May 1954 defendant ordered plaintiff to get her things out of his house, and on the same date he abandoned her, and has failed to provide her with any subsistence and support. (4) The indignities offered to the plaintiff by the defendant, and his abandonment of her, were without any fault or provocation on her part. (5) The plaintiff does not have sufficient means upon which to subsist during the pendency of this action, nor to defray the necessary expenses thereof. (6) The defendant has real property listed on the tax books of Wake County at a valuation of $32,461.00, and a rental income of $800.00 a month. The numbering here is ours.

The judge's findings of fact, except as to the tax valuation of defendant's realty, are based upon allegations of plaintiff's complaint and of her reply to defendant's answer, which were used as affidavits. The

judge found as a fact that on 21 May 1954 the defendant ordered the plaintiff to get her things out of his house. This finding of fact is based upon this allegation in paragraph 10 of plaintiff's complaint: "On May 21, 1954 the defendant stated to the plaintiff that he wanted her to get her things out of his house (certain furnishings that she had there) in that he wanted the room in which same were kept, so that he could have another room for the use of his children"; and upon this allegation in paragraph 16 of plaintiff's reply: "The defendant told the plaintiff to move the furniture out of the house (not to another room, but to get it completely out of the house), in that he wanted the room to use for some of his children while they were in the house." The difference between the finding that the defendant ordered the plaintiff to get her things out of his house, and the evidence that the defendant told plaintiff to move her things out of the house, we do not consider a material difference.

"If any husband . . . be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board," the wife may institute an action for alimony without divorce. G.S. 50-16; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909. "If either party abandons his or her family," it is a ground for divorce from bed and board. G.S. 50-7, sub-sec. 1; *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796.

*Denny, J.,* said for the Court in *Blanchard v. Blanchard,* 226 N.C. 152, 36 S.E. 2d 919: "It is unnecessary for a husband to depart from his home and leave his wife in order to abandon her. By cruel treatment or failure to provide for her support, he may compel her to leave him. This, under our decisions, would constitute abandonment by the husband."

We have held in *Pearce v. Pearce,* 226 N.C. 307, 37 S.E. 2d 904; *Green v. Green,* 131 N.C. 533, 42 S.E. 954; and in *Coble v. Coble,* 55 N.C. 392, that where a divorce *a mensa et thoro* is sought under G.S. 50-7(4) on the ground that the defendant offers such indignities to the person of the plaintiff as to render his or her condition intolerable and life burdensome, allegations of actual physical violence are not required. We think the same principle applies when a divorce *a mensa et thoro* is sought under G.S. 50-7(1) on the ground of abandonment, and that a husband may compel his wife to leave him by cruel treatment without the actual physical infliction of violence upon her person. See: *Ringgold v. Ringgold,* 128 Va. 485, 104 S.E. 836, 12 A.L.R. 1383.

It would be impossible, and also unwise, to attempt to define with accuracy, so as to fit all cases, what is cruel treatment by a husband that compels his wife to leave him. There is a species of cruelty, which cuts deeper than a blow, and that is the weakening of a husband's love

and affection through the disparagement, cursing and abuse of his wife by his grown children by a former marriage, and which, when not resented by him, but permitted or encouraged, are bound to destroy the happiness of the home, and tend to impair the health and self-respect of the wife. The judge here has found as a fact that for a period of several years, and particularly for several months prior to 21 May 1954, the defendant has *permitted, encouraged and condoned* certain of his grown and married children to remain constantly at his home in a drunken condition, and to curse, abuse and harass the plaintiff at all hours of the day and night, and that, on 21 May 1954, he told her to get her things out of his house. The judge concluded that this was such cruel treatment as compelled the wife to leave the husband, and constituted an abandonment of his wife by defendant. We concur. See: *Caddell v. Caddell*, 236 N.C. 686, 690, 73 S.E. 2d 923.

In *Day v. Day*, 84 Iowa 221, 50 N.W. 979, the Court said: "Nor can he protect himself from the legal results which may follow such cruel and inhuman treatment as will justify a divorce to the wife on the ground that his children were the wrong-doers, and that he ought not to be compelled to send them away from their home. The law requires a husband to do all that he reasonably can to protect his wife from insult and abuse, regardless of the source from which it may come. If, as seems to be the case here, he could not or would not control the conduct of his children to the extent of securing to the wife decent treatment at their hands, then he is, if possessed of ample means, bound to provide a home where she can be free from their insult and abuse. *Atkinson v. Atkinson*, 67 Iowa, 364, 25 N.W. Rep. 284. Failing to do so, she is, in a proper case, justified in leaving him, and such leaving will not constitute legal desertion." See also: *Thompson v. Thompson*, 205 Mich. 124, 171 N.W. 347, 3 A.L.R. 990 and Annotation p. 993, *et seq.; Harbin v. Harbin*, 249 Ala. 616, 32 So. 2d 537; *Ringgold v. Ringgold, supra;* 17 Am. Jur., Divorce, Sec. 71.

If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer based on the ground that it does not allege a cause of action. *Workman v. Workman*, 242 N.C. 726, 89 S.E. 2d 390; *Batchelor v. Mitchell*, 238 N.C. 351, 78 S.E. 2d 240; *Bryant v. Ice Co.*, 233 N.C. 266, 63 S.E. 2d 547.

Construing the plaintiff's pleadings liberally "with a view to substantial justice between the parties" (G.S. 1-151), and with every reasonable intendment made in favor of the pleader *(Sparrow v. Morrell & Co.*, 215 N.C. 452, 2 S.E. 2d 365), it appears that the plaintiff has alleged a cause of action for divorce from bed and board on the ground

of abandonment. G.S. 50-7(1). The demurrer *ore tenus,* on the ground that the complaint does not allege facts sufficient to state a cause of action, filed by defendant in the Supreme Court, is overruled.

The facts found by the judge are sufficient to support the order on the ground that the defendant abandoned his wife, without any fault or provocation on her part, and without providing for her any maintenance and support. No error appears on the face of the record.

The power of the judge here to enter an order for subsistence *pendente lite* is based, in part at least, on the duty of the husband to support his wife, until and unless she has been deprived of the right to such support by her own act or by force of law. Such an order does not affect the ultimate rights of the parties, nor does an application for such an allowance *pendente lite* require a jury trial. *Peele v. Peele,* 216 N.C. 298, 4 S.E. 2d 616. It may not be amiss to note that the defendant in paragraph 14 of his answer alleges, that he "is not questioning the plaintiff as a faithful and dutiful wife."

The defendant's assignments of error are overruled. The order of the court below is

Affirmed.