NORTH CAROLINA STATE PORTS AUTHORITY v. SOUTHERN FELT CORPORATION AND LLOYD A. FRY ROOFING COMPANY.

(Filed 15 May 1968.)

**1. Eminent Domain §§ 4, 7—**

The right to authorize the power of eminent domain and the mode of the exercise thereof are wholly legislative, subject to the constitutional limitations that private property may not be taken for public use without just compensation and reasonable notice and opportunity to be heard.

**2. Eminent Domain § 7—**

The North Carolina State Ports Authority must obtain the approval of the Governor and Council of State before instituting proceedings to condemn land for its authorized purposes, G.S. 143-218.1, and the Ports Authority must affirmatively plead such prior approval in any condemnation action instituted by it, and the failure to do so renders the complaint demurrable.

APPEAL by plaintiff from *Bone, E.J.,* at the 27 November 1967 Civil Session of the Superior Court of CARTERET County.

Plaintiff, the North Carolina State Ports Authority, instituted this action in the Superior Court of Carteret County for the purpose of condemning whatever right, title or interest defendants may have in certain real property particularly described in the complaint. Paragraph 2 of the complaint is as follows:

"2.  That, pursuant to authority vested in the plaintiff under the provisions of Chapter 143 of the General Statutes of North Carolina, and pursuant to a resolution of said North Carolina State Ports Authority duly passed, it is necessary to condemn and appropriate whatever right, title or interest the defendants herein may have in that certain property described in paragraph 4 of this complaint, for dock extension and for additions to the port facilities of the Morehead City Ocean Terminal of the North Carolina State Ports Authority at Morehead City, North Carolina."

With its complaint plaintiff filed a Declaration of Taking and Notice of Deposit and deposited with the court the sum which plaintiff alleged it had estimated to be just compensation for the taking. The complaint did not expressly allege that the transactions relating to the acquisition of defendants' real property had been subject to prior review by the Governor and Council of State, or that the same had been approved by the Governor and Council of State. Defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of action, in that the complaint failed to allege the prior review and approval of the transaction by the Gov-

ernor and Council of State of North Carolina. From order sustaining the demurrer, plaintiff appealed.

*Attorney General Bruton, Assistant Attorney General Icenhour, and White, Hooten and White for plaintiff appellant.*
*Wheatly and Bennett, and Brooks and Brooks for defendant appellees.*

PARKER, J.  The sole question presented by this appeal is whether the North Carolina State Ports Authority must obtain prior approval of the Governor and Council of State before instituting proceedings to condemn land for its authorized purposes and, if so, whether it must affirmatively plead such prior approval in its complaint in any condemnation action instituted by it.

G.S., Chap. 143, Art. 22, provides for the creation, purposes, powers and jurisdiction of the North Carolina State Ports Authority as an instrumentality of the State. G.S. 143-220 grants to the Authority right and power to acquire property necessary for its purposes as therein set forth "by purchase, by negotiation, or by condemnation," and provides that should it elect to exercise the right of eminent domain "it may proceed in the manner provided by the General Laws of the State of North Carolina for the procedure by any county, municipality or authority organized under the laws of this State, or by the North Carolina State Highway Department, or by railroad corporations, or in any other manner provided by law, as the Authority may, in its discretion, elect."

In the case before us the North Carolina State Ports Authority elected, as it had a right to do, to proceed under the statutory provisions applicable to the State Highway Commission as set forth in G.S., Chap. 136, Art. 9, and the complaint does contain the allegations as required by G.S. 136-103 of that Article. It does not, however, allege that the transactions relating to the acquisition has been subject to prior review and has been approved by the Governor and the Council of State. The first sentence of G.S. 143-218.1, enacted in 1959, is as follows:

> "Any transactions relating to the acquisition or disposition of real property or any estate or interest in real property, by the North Carolina State Ports Authority, *shall be subject to prior review by the Governor and Council of State, and shall become effective only after the same has been approved by the Governor and Council of State.*" (Emphasis added.)

The North Carolina State Ports Authority is not freed from the

provisions of G.S. 143-218.1 merely because the Authority has the right under G.S. 143-220 to select the particular procedure it will follow in exercising its power of eminent domain. The right to authorize the exercise of the power of eminent domain and the mode of exercise thereof is wholly legislative, limited only by Constitutional provisions which require reasonable notice and opportunity to be heard and payment of just compensation for taking of private property for public uses. *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129; *Board of Education v. Allen,* 243 N.C. 520, 91 S.E. 2d 180.

In the case before us, the Legislature, by enacting G.S. 143-218.1, expressly provided that the North Carolina State Ports Authority in acquiring or disposing of real property could not act independently, but any transactions relating thereto shall be subject to *prior* review by the Governor and Council of State, and shall become effective only *after* the same has been approved by the Governor and Council of State. Here the Authority has filed its complaint in condemnation and a Declaration of Taking by which it purports to appropriate to itself such title as defendants may have in the real property in question. This is certainly a "transaction relating to the acquisition of real property," and this it had no power to do without first obtaining the required review and approval of the Governor and the Council of State. Since plaintiff was powerless to act without such prior review and approval, the fact of such prior review and approval must be alleged and proved.

The North Carolina Supreme Court considered a similar defect in pleading in a condemnation proceeding in the case of *Redevelopment Commission v. Hagins,* 258 N.C. 220, 128 S.E. 2d 391. In that case the Court, speaking through Higgins, J., and quoting from the case of *R. R. v. R. R.,* 106 N.C. 16, 10 S.E. 1041, said:

> ". . . (T)he performance of the preliminaries required is indispensably necessary before proceedings to condemn can be instituted. It is said that, although the petition in this case fails to allege the performance of these conditions, the omission is not fatal, and that it is but a defective statement of a good cause of action. We do not concur in this view. The exercise of the power of eminent domain is in derogation of common right, and all laws conferring such power must be strictly construed. By the very terms of the law under consideration, these allegations *must* be made in the petition, and we think that they are as much jurisdictional in their character as is the fact that the landowner and the railroad company have failed to agree. 'If the petition does not state the facts required by the statute to

be stated, an objection in that regard can be raised preliminarily . . . by way of demurrer, . . .' "

In the case before us the complaint was fatally defective and the demurrer was properly sustained.

Affirmed.

MALLARD, C.J. and BROCK, J., concur.