McCoy v. Peach

---

LAURA P. McCOY v. GLADYS D. PEACH

No. 7825DC252

(Filed 20 February 1979)

Betterments § 1; Quasi Contracts and Restitution § 1.2— improvements placed across property line—no right of action by encroacher

In an action by plaintiff praying that the court require defendant, an adjoining landowner, to sell to plaintiff at a reasonable price a strip of defendant's land on which plaintiff had inadvertently made improvements, the trial court properly granted defendant's motion to dismiss, since plaintiff was not in a position to initiate litigation but should have waited and pleaded unjust enrichment or betterments in response to an action by defendant landowner for a mandatory injunction to compel removal of the encroachment.

APPEAL by plaintiff from *Edens, Judge.* Order entered 9 January 1978 in District Court, BURKE County. Heard in the Court of Appeals 10 January 1979.

Plaintiff and defendant are adjoining landowners in Burke County. In 1973 the plaintiff commenced construction of improvements on her land. Plaintiff, inadvertently, allowed the im-

provements to extend across the common boundary with the defendant. The extent of the encroachment amounted to approximately 25 feet and included the driveway and part of the garage portion of the house. Plaintiff alleges that defendant observed plaintiff constructing the house and driveway; that defendant stated to plaintiff that she thought the house was too close to the line and believed the driveway was partially on her land; and that defendant further stated that "this was all right because she would not be using that small parcel of land if in fact the driveway was on her land." Defendant owns lots 81 through 86 of the W. Russell Garrison Property, Plat Book 2, page 75, Burke County Registry. Plaintiff owns lots 77 through 80 of the Garrison property. Defendant's property is unimproved.

Plaintiff filed this action 4 August 1977, praying that the court require defendant "to sell and convey plaintiff a strip of land on which such improvements are located at a reasonable price." On 27 September 1977, defendant filed a motion to dismiss the complaint. She has not answered the complaint. On 14 November 1978, plaintiff filed a motion for leave to amend the complaint and tendered the amended complaint which added allegations that should defendant elect to require plaintiff to remove that portion of her house from defendant's land, defendant should be required to pay the cost of removal and the cost of rebuilding plaintiff's house and that such costs would greatly exceed the value of the land on which the encroaching building is located. On 10 January 1978, defendant's motion to dismiss was considered, and the district court entered an order dismissing the action. Plaintiff appeals from that order.

*John H. McMurray for plaintiff appellant.*

*Matthews and Vaught, by Curt J. Vaught, for defendant appellee.*

MORRIS, Chief Judge.

It is fundamental that in ruling on a motion to dismiss, the motion should be denied unless the complaint, construed liberally in favor of the plaintiff, fails to state a cause of action. Plaintiff relies on the doctrine of betterments to support her cause of action. The complaint alleges inter alia:

"(8) Plaintiff in good faith without inexcusable negligence constructed her dwelling house and improvements, including driveway, partially on the land of defendant, who was unaware of this mistake in location and therefore failed to make objection.

(9) Defendant should not be permitted to claim the improvements erected on her land by plaintiff. If she did retain such improvements it would constitute unjust enrichment and greatly damage plaintiff who would be required to tear down and remove that portion of her improvements on defendant's land at great expense.

(10) Plaintiff is willing to purchase a strip of land from defendant of sufficient width to include such improvements and pay a reasonable price for such land.

(11) Defendant can convey this strip of land to plaintiff without doing undue damage to the remaining portion of her land."

Plaintiff's action is not based on G.S. 1-340, our statutory provision for betterments, or under the common law right to claim for betterments. Indeed, plaintiff is not entitled to such an action. The claim for betterments arises only upon defendant's petition filed when he has been sued in ejectment by the true owner, and the right to claim for betterments "applies only where the improvement was constructed by one who was in possession of the land under color of title and who, in good faith and reasonably, believed he had good title to the land." *Beacon Homes v. Holt*, 266 N.C. 467, 471, 146 S.E. 2d 434, 437 (1966); *Comrs. of Roxboro v. Bumpass*, 237 N.C. 143, 74 S.E. 2d 436 (1953); *Wood v. Tinsley*, 138 N.C. 507, 51 S.E. 59 (1905).

Plaintiff relies upon the equitable principles of unjust enrichment and estoppel which have been recognized as providing the basis for a cause of action for improvements. *See Rhyne v. Sheppard*, 224 N.C. 734, 32 S.E. 2d 316 (1944); *Beacon Homes v. Holt, supra.* The right of such an action is based upon the principle that, as the Court in *Beacon Homes, supra*, stated, "It is as contrary to equity and good conscience for one to retain a house which he has received as the result of a bona fide and reasonable mistake of fact as it is for him to retain money so received." 266 N.C. at 474, 146 S.E. 2d at 439.

McCoy v. Peach

The receipt of a benefit at the expense of another does not necessarily result in unjust enrichment. "A person is enriched if he has received a benefit. A person is unjustly enriched if the retention of the benefit would be unjust." A.L.I., Restatement of the Law, Restitution § 1, comment a. A determination of whether retention of any benefits is "unjust" requires a consideration of traditional concepts of equity. One is not unjustly enriched where the benefit has been conferred by a "volunteer" or an intermeddler and where the benefit is not easily returnable and the recipient has not been afforded the opportunity of rejection. This analysis is known as the "Choice Principle." *See Siskron v. Temel-Peck Enterprises*, 26 N.C. App. 387, 216 S.E. 2d 441 (1975). *See also Beacon Homes v. Holt, supra,* where plaintiff constructed a house on defendant's lot, believing it to be the lot owned by the party for whom he agreed to build the house. Defendant refused to allow plaintiff to remove the house and refused to pay for it. The Court said defendant had the choice of allowing plaintiff to remove the house or retaining it herself. Having chosen to retain it, defendant was required, by equitable principle, to pay for it since she had the choice of returning the benefit. *See generally* Dobbs, Remedies § 4.9 (1973). Nevertheless, this principle does not apply with absolute rigidity but yields at times to special situations cognizable in equity which override a defendant's right of free choice. *Siskron v. Temel-Peck Enterprises, supra.* In such instances, if the benefit received is less than the amount of the loss suffered by the transferor, the amount of recovery is limited to the amount by which the transferee has been benefited.

> "Thus, if a person's chattels are incorporated into the land of another without the other's knowledge, the owner of the land is liable, if at all, only to the extent to which its value has been increased, although the value of the chattels was greater." A.L.I., Restatement of Law, Restitution § 1, comment e. *See also Id.* § 42.

In fact, in certain instances it is perhaps more harsh to require the one receiving benefits to pay for them than to deny restitution.

Plaintiff's counsel ably argued to this Court an imaginative and novel theory upon which to find unjust enrichment of the defendant. Counsel's reasoning follows. He asserts that defendant

had reason to believe that plaintiff's construction encroached upon her property and, although she mentioned that fact, she represented to plaintiff that it would be all right because she would not be using that small parcel of land. Plaintiff contends that she was induced by this representation to continue construction despite the encroachment. Counsel argues that defendant thereafter took unfair advantage of her position essentially to coerce the plaintiff into either paying an exorbitant price for the land upon which the plaintiff had encroached or removing the structure in order that defendant might obtain a marketable title for the property.

The case of *Lumber Co. v. Edwards*, 217 N.C. 251, 7 S.E. 2d 497 (1940), presents a situation similar in several respects to the present case. Justice Seawell's observation with respect to the source of that litigation is uniquely applicable to the present case.

"It is apparent that the defendant Edwards intends to take whatever advantage he may of the windfall that has come to him by reason of the innocent mistake of the original adjoining landowner who, unwittingly, constructed his house partly upon a vacant lot now the property of defendant. Whatever advantage the defendant may have under the austerities of more formal law, plaintiff contends, with some reason, that this attitude is calculated to produce substantial injustice, and argues that it is remediable in equity." 217 N.C. at 254, 7 S.E. 2d at 499.

Plaintiff in *Lumber Co.* prayed for recovery of the value of his premises which had been possessed by defendant since he discovered the encroachment of plaintiff's house, or permission to remove the house from defendant's premises. The Court recognized equities on the part of both of the original owners of the property but concluded that plaintiff, who had also sought "further relief as the plaintiff may be entitled to have either in law or in equity," was entitled only to ejectment of the defendant from plaintiff's admitted portion of the house. The Court concluded, "What the plaintiff may do hereafter to 'mend its licks', if anything, is not, at present a concern of this Court." 217 N.C. at 255, 7 S.E. 2d at 500. The posture of that action, like the present action, was unique. Rather than pleading in response to an action brought by the owner of the land for a mandatory injunction to

compel removal of the encroachment, *see* Annot., 28 A.L.R. 2d 679 (1953), this plaintiff has attempted to foreclose such an action by initiating the litigation. Plaintiff is unable to cite any precedent for her action and this Court is not alone in its inability to find such precedent. *See Valentine v. Hynes*, 199 F. 392, 395 (9th Cir. 1912). Indeed, plaintiff seeks essentially the private right of eminent domain. This is an inherent right available only to the federal government, the states, and those bodies to whom the states properly delegate the authority to exercise such powers. *Cf. Redevelopment Com'n of Greensboro v. Hagins*, 258 N.C. 220, 128 S.E. 2d 391 (1962); *Ports Authority v. Southern Felt Corp.*, 1 N.C. App. 231, 161 S.E. 2d 47 (1968); *see generally* 29A C.J.S., Eminent Domain § 18 *et seq.*

It is not necessary for us to determine whether defendant might prevail in a subsequent action seeking a mandatory injunction for removal of the encroachment. However, such an action might present a more appropriate forum for considering the many factors involved in resolving the conflict between the parties to this action. *See generally* Annot., 28 A.L.R. 2d at 692-721.

The trial court's order dismissing plaintiff's complaint is

Affirmed.

Judges MARTIN (Harry C.) and CARLTON concur.